## COMMISSIONER OF INTERNAL REVENUE v. STETSON & ELLISON CO.

### No. 4145.

Circuit Court of Appeals, Third Circuit.

Aug. 28, 1930.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and John Vaughan Groner, Sp. Assts. U. S. Atty. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and P. S. Crewe, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Robert A. Littleton, of Washington, D. C., for respondent.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

DAVIS, Circuit Judge.

This is an appeal from an order of the United States Board of Tax Appeals hold-ing that the Commissioner of Internal Revenue was without authority to make assessment of additional taxes upon the respondent company because they were assessed more than five years after the returns were made.

On June 16, 1919, Libby, McNeill & Libby filed a consolidated corporation income and profits tax return for the year ending December 31, 1918, in which was included the gross and net income and invested capital of the respondent as an affiliated company. On March 15, 1920, it likewise filed a return, which included the return of the respondent company, for the year ending December 31, 1919. The collector of internal revenue at Wilmington, Del., required the respondent to file separate returns for those years. The return for 1918 was filed on February 13, 1924, and the return for 1919 was filed on February 24, 1924. In June, 1925, the Commissioner made an assessment against the respondent for additional taxes of $44,925.81 for the year 1918, and of $1,938.75 for the year 1919.

The question at issue is whether or not the consolidated returns filed for the respondent started the statute of limitations to running so that more than five years had elapsed before the additional taxes were assessed.

Section 240, of the Revenue Act of 1918 (40 Stat. 1057), provides as follows:

"Sec. 240. (a) That corporations which are affiliated within the meaning of this section shall, under regulations to be prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income and invested capital for the purpose of this title and Title III, and the taxes thereunder shall be computed and determined upon the basis of such return: * * *

"In any case in which a tax is assessed upon the basis of a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each. * * *

"(b) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests."

Section 277(a)(2), of the Revenue Act

of 1924 (26 USCA § 1057 note), provides that "the amount of income, excess-profits, and war-profits taxes imposed by * * * the Revenue Act of 1918, and by any such Act as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period." Were the consolidated returns, made for the respondent company, returns of the company within the meaning of the act of 1924?

Section 239, of the Revenue Act of 1918 (40 Stat. 1057), provides:

"That every corporation subject to taxation under this title and every personal service corporation shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title. The return shall be sworn to by the president, vice president, or other principal officer and by the treasurer or assistant treasurer."

The Board found that the return had been prepared and filed in good faith, the names of all the companies included in the consolidation were made clear to the Commissioner, and all of the "items of gross income and the deductions" were included therein, although the items of income and deductions might not have been given with sufficient detail to enable the Commissioner to compute accurately the tax against the respondent company. Nevertheless, it held that the returns were a substantial compliance with section 239 of the act. Appeal of F. A. Hall Co., Inc., 3 B. T. A. 1172; Appeal of National Tank & Export Co., 3 B. T. A. 1217; Appeal of Matteawan Manufacturing Company, 4 B. T. A. 953; Appeal of Kellogg Commission Co., 6 B. T. A. 771.

Article 637 of Regulation 45 promulgated under the Revenue Act of 1918 provides that:

"Subject to the provisions covering the determination of taxable net income of separate corporations, and subject further to the elimination of intercompany transactions, the consolidated taxable net income shall be the combined net income of the several corporations consolidated. * * * In respect of the statement of gross income and deductions and the several schedules required under form 1120, a corporation filing a consolidated return is required to prepare and file such statements and schedules in columnar form to the end that the details of the items of gross income and deductions for each corporation included in the consolidation may be readily audited."

The Commissioner says that the consolidated returns of Libby, McNeill & Libby for 1918 and 1919 are not returns of the respondent company. In support of this position, he argues that the respondent was not affiliated with the Libby Company. But this does not seem to have been raised before the Board, or, at least, was not determined by it. It was assumed to be and treated as an affiliated corporation with Libby, McNeill & Libby. There is no contention that Libby, McNeill & Libby does not control the stock and corporate activity of the respondent. At any rate, the question of affiliation was not determined by the Board and the order appealed from does not include that determination as a finding of fact or conclusion of law. The sole question before the Board and determined by it was "whether the assessment and collection of taxes determined as a result of the returns filed by the petitioner (respondent here) in February 1924 are barred by the statute of limitations," and whether the order as to that question should be sustained or set aside.

The Commissioner further says that the consolidated returns were not returns for the respondent because they did not fully comply with the statute. In other words, he charges that they were defective, in that the income, invested capital, and deductions were not separated. But the return did include, as the Board found, the gross income, deductions, and credits in totals for the consolidated group, including the gross income, deductions, and credits of the respondent.

The Commissioner relies on the cases of Lucas et al. v. Pilliod Lumber Company, 281 U. S. 245, 50 S. Ct. 297, 74 L. Ed. 829; Florsheim Bros. Co. v. United States (Thomas W. White v. Hood Rubber Co.) 280 U. S. 453, 50 S. Ct. 215, 218, 74 L. Ed. 542. Those cases decided that under the established general rule a statute of limitation runs against the United States only when they assent and upon the conditions prescribed; and the statute does not begin to run with the filing of a "tentative return" or of a complete, final, unverified return because they do not comply with the conditions prescribed by the statute. But Mr. Justice Brandeis, speaking for the court in the Florsheim Bros. Dry Goods Company Case, said: "It may be true that the filing of a return which is defective or incomplete under section 239 is sufficient to start the running of the period of limitations." At most, these returns were defective or incomplete, but were filed in good faith, and, we

think, substantially comply with the requirements of the statute. Therefore they were sufficient to start the running of the statute of limitations. Appeal of National Tank & Export Co., 3 B. T. A. 1217; Appeal of F. A. Hall Co., 3 B. T. A. 1172; Appeal of Matteawan Manufacturing Co., 4 B. T. A. 953; Kellogg Commission Co. v. Commissioner of Internal Revenue, 6 B. T. A. 771.

The order of the Commissioner is set aside and the order of redetermination of the Board of Tax Appeals is sustained.