## GERMANTOWN TRUST CO., TRUSTEE,· v. COM-MISSIONER OF INTERNAL REVENUE.

No. 462. Argued February 8, 1940.—Decided February 26, 1940.

Mr. *Harold Evans*, with whom *Messrs. Paul F. Myers* and *Martin W. Meyer* were on the brief, for petitioner.

Mr. *J. Louis Monarch*, with whom *Solicitor General Jackson, Assistant Attorney General Clark,* and *Messrs. Sewall Key, Arnold Raum,* and *F. E. Youngman* were on the brief, for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

This case involves the construction and application of provisions of the Revenue Act of 1926, as amended by that of 1934, and of the Revenue Act of 1932, relating to the venue of proceedings to review a decision of the Board of Tax Appeals and setting limitations upon the assessment of income tax.

The petitioner is a trust company, doing a general business as such, including administering trust estates and acting as agent for the custody, handling, and management of its clients' investments. In 1930 it created, by an appropriate instrument, a fund to afford those for whom it acted the advantage of investing small amounts in securities at minimum expense and with opportunity of ready liquidation. The fund has since been managed according to the terms of the agreement. In the course of administration the petitioner has paid to the participants their respective shares of income from the invested principal, and has filed fiduciary returns of income on Treasury Form 1041, intended for use by trustees.

March 15, 1933, the petitioner, as trustee, filed such a return, for the calendar year 1932, with the Collector of Internal Revenue for the First District of Pennsylvania, at Philadelphia. The return accurately set forth the gross income, the deductions, and the net income,—in short all information necessary to the calculation of any tax which might be due,—and attached a list of the beneficiaries of the fund, and their shares of the income. No corporation income tax return was filed on Treasury Form 1120. The participants in the fund, who were required to make individual returns for the year 1932, included in their respective returns, filed on or before March 15, 1933, their shares of income.

September 17, 1936, pursuant to the recommendation of a treasury agent that the fund be taxed as a corpora-

tion,[1] the respondent prepared from the Form 1041 return, a substitute corporation return on Form 1120, covering the year 1932, and, on February 27, 1937, gave notice of a consequent deficiency of tax.

The petitioner carried the matter to the Board of Tax Appeals for redetermination, asserting that it was taxable as a trust and not as an association and that assessment and collection of the asserted deficiency was barred by the expiration of two years from the date its return was filed. The Board held the assessment barred.

The respondent petitioned the United States Court of Appeals for the Third Circuit to review the Board's decision. That court held that the venue provision of § 1002 (a) of the Revenue Act of 1926, as amended by § 519 of the Revenue Act of 1934,[2] empowered it to entertain the petition, and that the assessment of a deficiency was not barred by §§ 275 and 276 of the Revenue Act of 1932,[3] the applicable section, in its view, being 275 (c).[4]

---

[1] § 1111 (a) (2) of the Revenue Act of 1932, 47 Stat. 169, 289: "The term 'corporation' includes associations . . ." See *Morrissey* v. *Commissioner*, 296 U. S. 344.

[2] "Sec. 1002. (a) Except as provided in subdivision (b) [relating to venue by stipulation], such decision may be reviewed by the Circuit Court of Appeals for the circuit in which is located the collector's office to which was made *the return of the tax in respect of which the liability arises* or, if no return was made, then by the Court of Appeals of the District of Columbia." (Italics supplied.) 44 Stat. 9, 110; 48 Stat. 680, 760; 26 U. S. C. 641 (b).

[3] "Sec. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.

"Except as provided in section 276—

"(a) *General Rule.*—The amount of income taxes imposed by this title shall be assessed within two years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

"(c) *Corporation and Shareholder.*—If a corporation makes no return of the tax imposed by this title, but each of the shareholders

The petitioner sought certiorari on the ground that the Circuit Court of Appeals'.decision that the fiduciary return it had filed was a return which governed venue under § 1002, as amended, but no return within the meaning of § 275 (c), conflicts with a decision of the Circuit Court of Appeals for the Second Circuit.[5] Because of the conflict we granted certiorari.

Petitioner and respondent agree that the court below was right in holding the return in question was such a return as fixed the venue of the petition for review in the Third Circuit, where the return was filed. We concur in this view.

The petitioner contends that the fiduciary return filed on Form 1041 was a return within the meaning of § 275 (a), which limits the time for assessment to two years after the filing of the return. The respondent insists that the return was "no return of the tax" within the meaning of § 275 (c), and, therefore, the four-year limitation specified in that section applies.

As the notice of deficiency was given more than two years after the filing of the fiduciary return, and within four years of the filing of the last return by any participant in the fund, decision turns upon which subsection governs.

We hold that the return was a return within the meaning of § 275 (a) and that the petitioner cannot be held

includes in his return his distributive share of the net income of the corporation, then the tax of the corporation shall be assessed within four years after the last date on which any such shareholder's return was filed." (Italics supplied.)

"Sec. 276. SAME—EXCEPTIONS.

"(a) *False Return or No Return.*—In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time." Revenue Act of 1932, 47 Stat. 169, 237.

[4] *Commissioner* v. *Germantown Trust Co.*, 106 F. 2d 139.

[5] *Commissioner* v. *Roosevelt & Son Inv. Fund*, 89 F. 2d 706.

to have made no return so as to bring the case within § 275 (c).

*First*. We are of opinion that if the return filed by the petitioner was such as to create venue of the proceeding for review in the court below, it was also a return under the terms of § 275 (a), so that the two-year period of limitations imposed by that section is applicable.

The return was a fiduciary return. It is admitted that the petitioner in respect of the fund was a fiduciary and was bound to file such a return.[6] It contained all of the data from which a tax could be computed and assessed although it did not purport to state any amount due as tax. Section 1002 (a), as amended, *supra,* confers venue upon the Circuit Court for the circuit in which was made "the return of the tax in respect of which the liability arises." Section 275 (a) provides that the amount of tax must be assessed within two years after "the return was filed." Section 275 (c) fixes a period of four years for assessment "if a corporation makes no return of the tax imposed by this title," but each shareholder returns his distributive share of the net income.

We think the language of the sections is such that it cannot be said the fiduciary return filed by the petitioner was a return of the tax in respect of which the liability arises but was no return of the tax imposed by the statute.

The respondent urges that the two sections have separate aims; that the venue provision was inserted for the convenience of taxpayers, so that they should not be compelled to litigate in courts far from their domicile, whereas the limitation sections have nothing to do with the designation of a forum. Conceding that this is true, it remains that, if the return in question complies with the one description, it equally complies with the other.

---

[6] Revenue Act of 1932, 47 Stat. 169, 214.

We find no adequate reason for attributing a different meaning to the two phrases.

· *Second.* Section 275 (c) is inapplicable. Sections 275 and 276 set up a complete scheme of limitations on assessment of income taxes. Section 275 (a) imposes a limitation of two years after the filing of the return. Section 276 (a) provides that there shall be no period of limitations if a false return, or no return, be filed. If the statute went no further, and if the respondent's position is correct that, in this case, the taxpayer was a corporation and filed no return as such, then there would be no period of limitations whatever. This was the situation under the Revenue Act of 1924.[7]

The legislative history demonstrates that § 275 (c) was adopted to set a period of limitations where no return is filed by the association but returns are filed only by the members. In other words, subsection (c) was adopted to limit, rather than to enlarge, the time for assessment in such a case.[8]

The respondent's contention is that where a fiduciary, in good faith, makes what it deems the appropriate return, which discloses all of the data from which the tax, treated as one imposed upon an association (classified as a corporation under the statute), can be computed, such a return is to be deemed no return. We think this view inadmissible.

---

· [7] Revenue Act of 1924, §§ 277 (a) (1) and 278 (a); 43 Stat. 253, 299.

[8] The provision was first inserted as § 277 (a) (5) of the Revenue Act of 1926, 44 Stat. 9, 58. The Committee Reports on the section, construed in connection with the course of the bill in Congress, sustain, rather than negative, the view that the section was intended to impose a period of limitation where one had not theretofore existed. See H. Rep. No. 1, 69th Cong., 1st Sess., p. 11; S. Rep. No. 52, 69th Cong., 1st Sess., p. 28. Compare Hearings, Committee on Ways and Means of the House, 73rd Cong., 1st Sess., p. 146.

It cannot be said that the petitioner, whether treated as a corporation or not, made no return of the tax imposed by the statute. Its return may have been incomplete in that it failed to compute a tax, but this defect falls short of rendering it no return whatever.[9]

The judgment is

*Reversed.*

---

[9] *Zellerbach Paper Co.* v. *Helvering*, 293 U. S. 172, 180; *Commissioner* v. *Stetson & Ellison Co.*, 43 F. 2d 553; *United States* v. *Tillinghast*, 69 F. 2d 718; Mabel Elevator Co., 2 B. T. A. 517; Abraham Werbelovsky, 8 B. T. A. 442, 446; Estate of F. M. Stearns, 16 B. T. A. 889; J. R. Brewer, 17 B. T. A. 704.