265 F.2d 372
 MacARTHUR LIQUORS, INC., Appellant,
v.
PALISADES CITIZENS ASSOCIATION, INCORPORATED, et al., Appellees.
PALISADES CITIZENS ASSOCIATION, INCORPORATED, Appellant,
v.
Frank E. WEAKLY, et al., Members of the Alcoholic Beverage Control Board of the District of Columbia, and MacArthur Liquors, Inc., a corporation, Appellees (two cases).
Frank E. WEAKLY, et al., Members of the Alcoholic Beverage Control Board of the District of Columbia, Appellants,
v.
PALISADES CITIZENS ASSOCIATION, INC., et al., Appellees.
 No. 14645.
 No. 14697.
 No. 14703.
 No. 14786.
 United States Court of Appeals District of Columbia Circuit.
 Argued January 19, 1959.
 Decided March 19, 1959.
 
 Mr. F. Joseph Donohue, Washington, D. C., with whom Messrs. J. E. Bindeman and Leonard W. Burka, Washington, D. C., were on the brief, for appellant in No. 14645 and appellee MacArthur Liquors, Inc., in Nos. 14697 and 14703. Mr. Dexter M. Kohn, Washington, D. C., also entered an appearance for appellee MacArthur Liquors, Inc., in Nos. 14697 and 14703.
 Mr. Hubert B. Pair, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellees Frank E. Weakly, and others, in Nos. 14697 and 14703, and appellants in No. 14786.
 Mr. Louis F. Oberdorfer, Washington, D. C., with whom Messrs. James M. Earnest and Carl R. Burns, Washington, D. C., were on the brief, for appellant in Nos. 14697 and 14703, and appellees in Nos. 14645 and 14786.
 Before EDGERTON, WILBUR K. MILLER, and BURGER, Circuit Judges.
 EDGERTON, Circuit Judge.
 
 
 1
 These appeals grow out of efforts to set aside successive licenses for the operation of a single retail liquor store at two different locations on MacArthur Boulevard. The licensee and the members of the licensing Board, who were the defendants in the District Court, appeal from a preliminary injunction. But the District Court's final judgments were in their favor, and their appeals will therefore be dismissed as moot.
 
 
 2
 The appeal of Palisades Citizens Association, plaintiff in the District Court, from the final judgment in the case relating to the old location of the liquor store at 5136 MacArthur Boulevard, must be dismissed because the Association failed to name Mr. Tyson, a new member of the licensing Board, as a defendant within six months after he took office. Rule 25(d), F.R.Civ.P., 28 U.S.C.A. The members of the Board are indispensable parties to a suit which seeks to set aside the Board's action. Snyder v. Buck, 340 U.S. 15, 71 S.Ct. 93, 95 L.Ed. 15; Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534; Benenati v. Young, 95 U.S.App.D.C. 120, 220 F.2d 383; Hicks v. Summerfield, 104 U.S.App.D.C. 286, 261 F.2d 752, and cases cited.
 
 
 3
 It remains to consider the appeal of the Citizens Association and certain property owners from final judgment in favor of the Board and the licensee in the case which relates to the store's new location at 4881 MacArthur Boulevard.
 
 
 4
 The Alcoholic Beverage Control Act of the District of Columbia creates an Alcoholic Beverage Control Board and authorizes it to issue licenses to operate liquor stores. D.C.Code (1951) §§ 25-101 to 25-138, as amended; Act of Jan. 24, 1934, 48 Stat. 319, as amended. Section 14(a)5 of the Act, § 25-115(a)5 of the Code, requires the Board, before it grants a retail license, to consider among other things "the wishes of the persons residing or owning property in the neighborhood of the premises." Section 14(c) of the Act, § 25-115(c) of the Code, forbids the Board to issue a license for a new location "if the owners of a majority of the real property within a radius of six hundred feet of * * * the place for which the license is desired, shall, on a form to be prescribed by the Commissioners filed with the Board, object to the granting of such license."
 
 
 5
 A preliminary question is whether the appellants have standing to sue. We think they have. The individual appellants own property within the 600-foot radius referred to in § 14(c). By the language we have just quoted from that section, Congress recognized the fact that such persons have an interest in the grant or denial of a liquor license and conferred legal protection upon this interest. As for the Association, some of its members own property within the 600-foot radius and the Association has standing to protect their interests. Nat'l Ass'n for Advancement of Colored People v. State of Alabama ex rel. Patterson, 357 U.S. 449, 459-460, 78 S.Ct. 1163, 2 L.Ed.2d 1488.
 
 
 6
 The Board's Form 14 reads: "We, the undersigned, being the owners of the real property set forth opposite our respective names, do hereby object to the granting of a _____ license, class _____, to _____, at _____ (application No. _____) under Section 14(c) of the District of Columbia Alcoholic Beverage Control Act." The Board's Form 14(a) reads: "We, the undersigned residents and/or owners of the real property set forth opposite our respective names, do hereby object to the granting of a retailer's license class _____ to _____ at _____ (application No. _____), under Section 14(a-5) of the District of Columbia Alcoholic Beverage Control Act." Though Form 14(a) is meant for use in connection with § 14(a)5, which relates to "persons residing or owning property in the neighborhood", and not in connection with 14(c), which relates to "owners of * * * the real property within a radius of six hundred feet", Form 14(a) contains, parallel with the column for signatures, a column headed "Resident or Owner". Accordingly, when this form is filled out, it shows which signers are owners.
 
 
 7
 The Board found that the owners of a majority of the property within the 600-foot radius had not expressed objection to the license. But in reaching that conclusion the Board refused to count owners who had signed Form 14 (a) instead of Form 14, and refused to let them correct their formal error. We think this was arbitrary. The Board should either ignore the error or allow it to be corrected. Cf. Germantown Trust Co., Trustee v. Commissioner of Internal Revenue, 309 U.S. 304, 60 S. Ct. 566, 84 L.Ed. 770. The judgment of the District Court is therefore reversed, with directions to enter a judgment that will require the Board to reopen its proceedings and make a new determination, without prejudice, however, to the right of MacArthur Liquors, Inc. to continue operation at 4881 MacArthur Boulevard in the meantime.
 
 
 8
 BURGER, Circuit Judge (concurring).
 
 
 9
 I agree with all that Judge EDGERTON has said, but I think the proceedings before the Alcoholic Beverage Control Board call for some comment.
 
 
 10
 Aside from the refusal of the Board to consider signatures of owners on Form 14(a), the record discloses other instances of the arbitrary Board action. The Board did not define the "neighborhood" for purposes of § 14(a) 5 until after the hearing was over. It determined the total population of the neighborhood also after the record was closed by multiplying the number of houses within the area, as defined ex parte by the Board, by a figure of 2.4 obtained from the Census Bureau ex parte. These and many other deficiencies suggest an absence of an adequate hearing.
 
 
 11
 In turn this vital failure stems from the Board's lack of adequate rules and regulations, which are required by the statute. § 14(b). Judge Youngdahl dealt with this aspect of the case extensively in his memorandum supporting the preliminary injunction. He pointed out — and I think correctly — the vice inherent in the absence of published regulations. Without regulations prescribing procedures and forms, a citizen who wishes to exercise his right to object is at a loss as to how he must proceed. In this case, for instance, the Board several times chided appellants for their failure to conform with what the Board thought was "proper procedure." Yet the only published regulation concerning procedures before the Board sheds no light whatever on any procedural aspect except: "The protestants shall have the right to open and close the argument."
 
 
 12
 Nos. 14645, 14786, 14697 dismissed. No. 14703 reversed.
 
 
 13
 WILBUR K. MILLER, Circuit Judge (concurring in part and dissenting in part).
 
 
 14
 I concur in the dismissal of cases Nos. 14,645, 14,697 and 14,786, but I dissent from that portion of the opinion which reverses the judgment in favor of the Alcoholic Beverage Control Board and MacArthur Liquors, Inc. I would affirm that judgment because I think the district judge correctly held that Palisades Citizens Association and the individual plaintiffs lacked standing to sue.