Francis A. MASON and Richard W. Hall

v.

UNITED STATES of America.

Civ. No. 1:91–cv–227–ODE.

United States District Court,
N.D. Georgia,
Atlanta Division.

July 9, 1992.

David DeCoursey Aughtry, James Millis McCarten, Chamberlain Hrdlicka White Williams & Martin, Atlanta, Ga., Lawrence Sherlock, Chamberlain Hrdlicka White Williams & Martin, Houston, Tex., pro hac vice, for plaintiffs.

Amy Berne Kaminshine, Office of U.S. Atty., Atlanta, Ga., Michael N. Wilcove, Janice Rovner, U.S. Dept. of Justice, Tax Div., Washington, D.C., pro hac vice, for defendant.

ORDER

ORINDA D. EVANS, District Judge.

This tax case is before the court on the parties' cross motions for partial summary judgment. The material facts relating to these motions are, in large part, undisputed.

Mason–Hall Southwest, Inc. ("Mason–Hall") was incorporated under the laws of the state of Texas in 1982. Plaintiffs Richard W. Hall ("Hall") and Francis A. Mason ("Mason") were each minority shareholders and directors of the corporation from the date of incorporation through the date Mason–Hall ceased operations, sometime in 1988.[1] During the 1985 calendar year, Mason–Hall failed to pay the required Texas franchise tax. As a result, sometime prior to January 1, 1986 the corporate charter of Mason–Hall was forfeited under Texas law, and Mason–Hall lost all corporate privileges. The charter was never reinstated.

Despite the loss of its corporate charter during 1985, Mason–Hall continued in business through 1988.[2] Among other activities, Mason–Hall continued to pay employees. Mason–Hall failed, however, to pay to the Internal Revenue Service ("IRS") required federal employment and unemployment taxes. Despite paying employees, Mason–Hall paid no federal employment or unemployment taxes in the years 1986, 1987, or 1988.

On September 22, 1986, a delegate of the United States Secretary of the Treasury made an assessment against Mason–Hall, as a corporation, for employment taxes incurred during the second quarter of 1986. During subsequent months the same delegate of the Secretary of the Treasury made assessments against Mason–Hall, as a corporation, for employment taxes incurred during the third and fourth quarters of 1986. In June, 1988, the corporation was assessed for all federal unemployment taxes incurred during 1986.[3]

Sometime in 1989, the United States discovered that Mason–Hall had lost all corporate privileges under Texas law. The Internal Revenue Service subsequently determined that, for all dates after June, 1986,

Mason–Hall should be treated as a partnership for tax purposes. Pursuant to Section 26 U.S.C. § 6020(b), the IRS determined to substitute the employment and unemployment tax returns filed by Mason–Hall to reflect the change in designation. The IRS prepared substitute employment tax returns for the second through fourth quarters of 1986, all four quarters of 1987, and the first quarter of 1988. It also prepared substitute unemployment tax returns for 1986, 1987, and 1988.[4] By letter dated March 23, 1990, the substitute returns were submitted to Mason–Hall. The company did not respond within thirty days, and the substitute returns were processed and filed by the IRS.

On August 31, 1990, a delegate of the Secretary of the Treasury made new assessments against Mason–Hall, in its status as a partnership, for unpaid federal employment taxes, plus interest and penalties, for the last three quarters of 1986, all four quarters of 1987, and the first quarter of 1988. Mason–Hall's 1986–88 federal unemployment taxes were also reassessed. The aggregate amount of the August 31, 1990 reassessment was $62,878.81. According to Defendant United States, a current balance of $55,819.31, plus interest and statutory additions, remains on that assessment.

This case began in January, 1991 as an action by Plaintiffs Mason and Hall to recover penalties collected by Defendant United States pursuant to 26 U.S.C. § 6672. Those penalties have since been abated, and the government no longer contends that Plaintiffs are liable under § 6672. In response to Plaintiffs' complaint, however, the United States filed a counterclaim seeking that Plaintiffs Mason and Hall be held individually liable, pursuant to Tex.Tax

---

1. Plaintiffs, who reside in Georgia, did not participate in the day-to-day management of Mason–Hall. *See* Plaintiffs' response to Defendant's first interrogatories, no. 1 (Attached as Ex. A to Plaintiffs' statement of material facts).

2. The exact nature of the business in which Mason–Hall was engaged is not specified in the pleadings. It is described by Plaintiffs as a "construction specialty business."

3. Following that assessment, the record does not reflect the extent to which Mason–Hall was assessed for additional employment and unemployment taxes as a corporation.

4. According to Defendant, the substitute returns were based on the employment and unemployment tax returns that Mason–Hall had filed as a corporation.

Code Ann. § 171.255, for the amounts assessed against Mason–Hall on August 31, 1990. Discovery has now been completed, and the parties have filed cross motions for partial summary judgment on the United States' counterclaim.

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the [Defendant] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In ruling on Defendant's motion, the court must view the evidence in a light most favorable to Plaintiffs. *Adickes v. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). To prevail in its motion for summary judgment, Defendant must show that the evidence is insufficient to establish an essential element of Plaintiffs' case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If Defendant makes a sufficient showing, then Plaintiffs "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting Fed. R.Civ.P. 56(e)). If the evidence supporting Plaintiffs' claims is insufficient for a jury to return a Plaintiffs' verdict, or is merely colorable or not significantly probative, then Defendant is entitled to summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). If, however, reasonable minds could differ as to the import of the evidence, and a reasonable interpretation of the evidence could lead to a Plaintiffs' verdict, then summary judgment is inappropriate. *Id.* at 251–52, 106 S.Ct. at 2511–12.

■ In the interest of simplicity, the court will consider Plaintiffs' motion for partial summary judgment first. Plaintiffs' motion seeks summary judgment only with respect to claimed absence of liability for federal employment and unemployment taxes incurred by Mason–Hall during 1986.

The basis for the motion is Plaintiffs' claim that the government's assessment of those taxes was made after the expiration of the applicable statute of limitations.

Plaintiffs rely on 26 U.S.C. §§ 6501(a) and (b)(2) as the relevant statute of limitations. Those sections provide, in pertinent part:

### § 6501 Limitations on assessment and collection

**(a) General rule.**—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) ... and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

**(b) Time return deemed filed.**—

\* \* \* \* \* \*

**(2) Return of certain employment taxes and tax imposed by chapter 3.**—For purposes of this section, if a return of tax imposed by chapter 3, 21, or 24 for any period ending with or within a calendar year is filed before April 15 of the succeeding calendar year, such return shall be considered filed on April 15 of such calendar year.

Plaintiffs note that the assessments for all taxes involved in this case were made on August 31, 1990. They point out, however, that the returns for 1986 were filed by Mason–Hall prior to April 15, 1987. *See* Plaintiffs' statement of material facts, ¶ 13. Because the August 31, 1990 assessments were made more than three years after the 1986 returns were deemed filed, under § 6501(b)(2), Plaintiffs argue that summary judgment is appropriate with regard to the 1986 taxes.

The government offers two responses to Plaintiffs' claim. It first contends that Plaintiffs have relied on the wrong statute of limitations and that the correct statute of limitations is found at § 6501(c)(3). That section provides:

**(c) Exceptions.**—

\* \* \* \* \* \*

**(3) No return.**—In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

The government acknowledges that Mason–Hall filed timely employment and unemployment tax returns for the 1986 tax year as a corporation. The government contends, however, that these timely filed returns should be disregarded because Mason–Hall was technically a partnership, rather than a corporation, in 1986. Ignoring the filing of the corporate returns, the government argues that under § 6501(c)(3) the statute of limitations did not commence running and that, therefore, the August 31, 1990 assessment was timely, that is, because Mason–Hall filed its 1986 tax return as a corporation rather than as a partnership, the government contends that § 6501(c)(3) applies, and no statute of limitation bars this action.

The government cites no authority to support its claim that the filing of an incorrect return is equivalent to the filing of no return for the purposes of § 6501(c)(3). To the contrary, there is substantial authority which indicates that even the filing of an incorrect tax return commences the running of the statute of limitations for assessments. For instance, in *Germantown Trust Co. v. Commissioner*, 309 U.S. 304, 60 S.Ct. 566, 84 L.Ed. 770 (1940), a case highly similar to the instant case, a taxpayer which considered itself a trust filed a tax return for trust on the appropriate Form 1041. The IRS contended that the taxpayer was a corporation, rather than a trust, and asserted that Form 1041 could not be considered a return for statute of limitations purposes. The Court rejected the government's argument and held that the filing of Form 1041 commenced the limitations period even if the taxpayer was technically a corporation. *Id.* at 308, 60 S.Ct.

at 568. *See also Zellerbach Paper Co. v. Helvering*, 293 U.S. 172, 180, 55 S.Ct. 127, 130, 79 L.Ed. 264 (1934) ("Perfect accuracy or completeness is not necessary to rescue a return from nullity, if it purports to be a return, is sworn to as such, and evinces an honest and genuine endeavor to satisfy the law."); *Siben v. Commissioner of Internal Revenue*, 930 F.2d 1034 (2d Cir.1991).

In holding that the incorrect tax return filed in *Germantown* started the limitations period, the Court relied heavily on the fact that the trust tax return "contained all of the data from which a tax could be computed and assessed" to the corporation. 309 U.S. at 308, 60 S.Ct. at 568. The same is true in the instant case, as the government was able to use the Mason–Hall corporate tax returns to prepare and file substitute partnership tax returns pursuant to 26 U.S.C. § 6020(b). For this reason, the government's claim that the filing of the corporate tax return by Mason–Hall was insufficient to commence the running of the limitations period is without merit.[5]

The government's second argument in opposition to Plaintiffs' motion for summary judgment is also unpersuasive. The government argues that it made a timely assessment for the 1986 tax returns in 1987 and early 1988. The government contends that these assessments, which were made within three years of April 15, 1987, are timely under 26 U.S.C. § 6501.

■ It is true that in 1987 and 1988 a delegate of the Secretary of the Treasury made an assessment against Mason–Hall, as a corporation, for 1986 taxes. It is also true that the assessments made in 1987 and 1988 are timely under the relevant statute of limitations. The government, however, is not attempting to enforce those 1987–88 assessments in this case. Rather, the assessments at issue are those issued against Mason–Hall, as a partnership, on August

---

5. The government's argument fails for a second reason, as well. The government's argument assumes that Mason–Hall was, in fact, required to file as a partnership rather than a corporation in 1986 and that, therefore, Mason–Hall's 1986 tax return is invalid. The government cites no authority for this contention, except for Tex.Tax.Code Ann. § 171.255. As discussed, *infra*, this Texas statute provides only that directors of corporations which fail to pay state franchise taxes may be held liable, under certain circumstances, for debts incurred by the corporation as if the corporation were a partnership and the directors were partners. The Texas statute does not serve to transform the corporation into a partnership for all purposes.

31, 1990. These assessments are clearly outside the three year statute of limitations and may not be enforced.[6] *See e.g., Barenholtz v. United States*, 784 F.2d 375 (D.C.Cir.1986). As such, Plaintiffs' motion for partial summary judgment is GRANTED.

The court now turns to the government's motion for partial summary judgment. The government moves for partial summary judgment with respect to its claim that Plaintiffs are liable for federal employment taxes incurred by Mason–Hall for the last three quarters of 1986 and the first quarter of 1987, plus interest and penalties. The government also seeks summary judgment on its claim that Plaintiffs are liable for the unemployment taxes incurred by Mason–Hall during 1986, plus interest and penalties. Because the disposition of Plaintiffs' motion for partial summary judgment resolves Plaintiffs' liability for all 1986 taxes, the government's motion for summary judgment with respect to the 1986 taxes must be DENIED. The only claim remaining in the government's motion for partial summary judgment is its claim against Plaintiffs for employment taxes incurred by Mason–Hall during the first quarter of 1987.

■ The government contends that, as a matter of law, Plaintiffs are liable pursuant to Tex.Tax Code Ann. § 171.255 for all employment taxes of Mason–Hall for the first quarter of 1987. Section 171.255 provides as follows.

### § 171.255 Liability of Directors and Officers.

(a) If the corporate privileges of a corporation are forfeited for the failure to file a report or pay a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived. The liability includes liability for any tax or penalty imposed by this chapter on the corporation that becomes due and payable after the date of the forfeiture.

(b) The liability of a director or officer is in the same manner and to the same extent as if the director or officer were a partner and the corporation were a partnership.

(c) A director or officer is not liable for a debt of the corporation if the director or officer shows that the debt was created or incurred:

(1) over the director's objection; or

(2) without the director's knowledge and that the exercise of reasonable diligence to become acquainted with the affairs of the corporation would not have revealed the intention to create the debt.

According to the government, the undisputed evidence shows that Plaintiffs were each directors of Mason–Hall at the time it lost its corporate privileges and at all times thereafter. The evidence further shows that, after losing corporate privileges, the corporation continued to pay wages to employees, and thereby created a debt in favor of the United States. Finally, according to the government, the evidence shows that Plaintiffs knew that these wages were being paid during the first quarter of 1987 and failed to object. Under these facts, the government contends that Plaintiffs are liable under § 171.255 for the 1987 first quarter tax liability of Mason–Hall.

Plaintiffs advance two arguments in opposition to the United States' motion for summary judgment. Both arguments rest on the exception to director liability created

---

**6.** The government briefly argues that the timely assessments of 1987 and 1988 act to bring the subsequent 1990 assessment within the statute of limitations. Although the government does not elaborate on the argument, it apparently contends that because the August 31, 1990 assessments modify the 1987–88 assessments, the August, 1990 assessments "relate back" to the earlier assessments for statute of limitations purposes. This is incorrect. While the IRS is free, subject to its own regulations, to redetermine or reassess a taxpayer's liability, any reassessment or redetermination must be completed prior to the expiration of the statute of limitations. *Williams v. United States*, 80–2 U.S.T.C. 9,740 (W.D.Tex. September 30, 1980). *See also Carlin v. United States*, 100 F.Supp. 451, 121 Ct.Cl. 643 (1951). Here the August 31, 1990 assessments were untimely.

by § 171.255(c)(2). Again, under § 171.-255(c)(2), a director is not individually liable for the debt of a corporation under § 171.-255 if the debt was created without his or her knowledge, as long as the exercise of reasonable diligence would not have revealed the intention to create the debt. Plaintiffs contend that, for two separate reasons, a genuine issue exists as to whether the taxes at issue fall within that exception. The court will address Plaintiffs' second argument first.

Plaintiffs' second argument rests on the claim that a genuine issue remains over whether Plaintiffs knew that wages were being paid to Mason–Hall employees during the first quarter of 1987. The government has argued that Plaintiffs each had knowledge that wages were being paid by Mason–Hall to its employees. In support, the government points to the deposition testimony in which Plaintiffs concede that they were aware the company was operating in 1987 and that they assumed wages were being paid to company employees.[7] Under the applicable standard, Plaintiffs therefore have the burden of coming forward "with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

In an attempt to carry this burden, Plaintiffs rely heavily on a blanket denial of knowledge of wage payments contained in a response to Defendant's first set of interrogatories. These interrogatory responses, however, are directly contradicted by Plaintiffs' deposition testimony, and thus may not be relied on to create a genuine issue of material fact. *See, e.g., Vanlandingham v. Ford Motor Co.*, 99 F.R.D. 1, 3 (N.D.Ga. 1983). Plaintiffs have come forward with no specific facts which contradict their depositions or which show that the wages paid to employees of Mason–Hall were paid without their knowledge. As such, Plaintiffs have not carried their burden under *Matsushita*.

Even assuming that Plaintiffs were not aware that Mason–Hall was paying its employees in 1987, Plaintiffs would also have to show that "the exercise of reasonable diligence to become acquainted with the affairs of the corporation would not have revealed the intention to create the debt" in order to fall within the exception to director liability created by § 171.255(c)(3). Plaintiffs have adduced no evidence on this point. Moreover, the court agrees with Defendant's claim that the directors, with reasonable diligence, could have ascertained whether Mason–Hall was paying its employees. For both of the above reasons, Plaintiffs may not avoid summary judgment based on the claim that they were unaware of payments to Mason–Hall employees.

Plaintiffs next argue that, even if they had knowledge of wages being paid to Mason–Hall employees, they had no knowledge that any *debt* had been "created or incurred" by the corporation for purposes of § 171.255. Under this argument, Plaintiffs contend that the payment of wages, standing alone, was insufficient to give rise to a tax debt on behalf of the corporation. Rather, according to Plaintiffs, the debt was "created or incurred" under the Texas statute only when "Mason–Hall Southwest, Inc. ... paid wages to its employees for the periods at issue *and* failed to pay to the United States the employment and unemployment taxes...." Plaintiffs' brief opposing summary judgment, p. 4. According to Plaintiffs, they had no knowledge that the corporation had failed to pay taxes, and thus the tax debt was created and incurred without their knowledge.

Recent authority from the Texas Court of Appeals makes it apparent that Plaintiffs have misconstrued the phrase "created or incurred" in § 171.255 and compels the court to reject Plaintiffs' argument in large part. In *Wilburn v. Texas*, 824 S.W.2d 755 (Tex.Ct.App.1992), a Texas com-

---

**7.** While excerpts of Plaintiffs' depositions have been submitted to the court, neither side has provided the court with all pertinent testimony regarding Plaintiffs' knowledge. The parties do agree, however, that both Plaintiff Mason and Plaintiff Hall testified on deposition that they assumed wages were being paid by Mason–Hall during the first quarter of 1987. *See* Plaintiffs' brief opposing summary judgment, p. 6 ("Plaintiffs stated that they assumed wages would have been paid."); Defendant's reply brief in support of summary judgment, p. 5.

pany, Travelcorp International, failed to pay its 1986 franchise tax and thereafter lost corporate privileges. As in the instant case, Travelcorp continued to pay its employees, but failed to pay state unemployment tax on the wages. The state instituted suit to recover delinquent contributions from officers and directors of the corporation under § 171.255 and subsequently filed a motion for summary judgment against one of the directors. The trial court granted the state's motion, and the defendant director appealed.

After holding that the unemployment tax liability constituted a "debt" for purposes of § 171.255, the Court of Appeals considered the defendant director's claim that the "debt" had not been "incurred" during the time that Travelcorp's corporate privileges were suspended. Defendant's argument rested on the claim that no taxes were due and owing during the period that Travelcorp's privileges were suspended. The court rejected the director's claim, holding that the tax liability was both "created" and "incurred," for the purposes of § 171.255, at the time the wages were paid.

The court began with the fact that, under the Texas Unemployment Compensation Act, an employer's tax liability is determined solely by reference to the total wages paid during the year.[8] As such, reasoned the court, the payment of those wages is the definitive event giving rise to liability. For this reason, the court held that it is the payment of wages which both "creates" and "incurs" the debt for purposes of the statute.

[W]hen a party relies on § 171.255 to hold an officer or director of a corporation personally liable for unemployment-tax contributions, the debt (the obligation to pay contributions to the unemployment compensation fund) is created or incurred when wages are actually paid. The payment of wages is the event that both creates (brings into existence) and incurs (brings on or occasions) the employment-tax liability. Absent payment of employment wages, there is no employment-tax liability.

... Accordingly, appellant is liable only for contributions based on wages paid on payroll dates occurring after [the forfeiture of the corporate privileges] and before ... the corporate privileges were revived.

824 S.W.2d at 765.[9]

In the instant case, as in *Wilburn*, the amount of federal employment and unemployment tax that an employer is obligated to pay under federal law is based exclusively on the total wages paid by the employer during the year. *See* 26 U.S.C. § 3111(a); 26 U.S.C. § 3301. Therefore, under the reasoning employed in *Wilburn*, it is the payment of wages which "creates" the debt under § 171.255.[10] As discussed above, Plaintiffs were aware that wages were being paid by Mason–Hall during the first quarter of 1987. Accordingly, Plaintiffs' claim that the tax liability was "created" or "incurred" without their knowledge is without merit. Defendant is entitled to summary judgment with respect to the 1987 first quarter tax liability of Mason–Hall.

---

**8.** The Texas Unemployment Compensation Act provides, in relevant part:
> contributions shall accrue and become payable by each employer for each calendar year, or portion thereof, in which he is subject to this Act, with respect to wages for employment paid during such calendar year or portion thereof. Such Contributions shall become due and be paid to the commission for the fund in accordance with such rules or regulations as the commission may prescribe.

824 S.W.2d at 763–64 (quoting Tex.Rev.Civ.Stat. Ann. Art. 5221b–5(a)) (footnote omitted).

**9.** The court reached this conclusion despite the fact that a Texas Employment Commission Rule provided that the tax contributions accrue quarterly and were due on the first day of the month following each calendar quarter. 824 S.W.2d at 764.

**10.** The court is cognizant of the fact that the *Wilburn* decision concerned the timing of the incursion of the debt under § 171.255, rather than the events which actually trigger the debt. Nevertheless, the court believes that *Wilburn* is persuasive authority for the proposition that it is solely the payment of wages, and not the subsequent non-payment of taxes, which constitutes the creation of a debt for purposes of § 171.255.

Defendant also seeks summary judgment against Plaintiffs with respect to interest and statutory penalties on the 1987 first quarter tax liability of Mason–Hall. Unlike the tax liability, the penalties and interest are not based exclusively on wages paid during the relevant time. Rather, liability for interest and penalties arises upon some other event such as failure to pay taxes on the last day prescribed for payment, failure to pay tax upon notice and demand, or failure to deposit taxes. *See* 26 U.S.C. §§ 6601(a), 6651(a) and 6656. The government does not maintain that Plaintiffs had, or should have had knowledge of those events which gave rise to liability for interest and penalties. As such, the court is unable to say, as a matter of law, that those debts were incurred with the knowledge of Plaintiffs. Defendant's motion for partial summary judgment with respect to penalties and interest for employment taxes incurred by Mason–Hall during the first quarter of 1987 is DENIED.

Accordingly, Plaintiffs' motion for partial summary judgment is [# 22–1] is GRANTED. Defendant's motions for partial summary judgment [## 19–1, 20–1] are GRANTED IN PART and DENIED IN PART in accordance with the foregoing.

SO ORDERED.