T.C. Memo. 2017-177

UNITED STATES TAX COURT

NEW CAPITAL FIRE, INC., AS SUCCESSOR BY MERGER TO THE
CAPITAL FIRE INSURANCE COMPANY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25858-12.                      Filed September 11, 2017.

<u>Elliot Silverman</u> and <u>Orrin Eliot Tilevitz</u>, for petitioner.

<u>Christine S. Irwin</u> and <u>William R. Davis, Jr.</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined an income tax deficiency and

additions to tax under section 6651(a)(1) and (2)[1] for the Capital Fire Insurance

_____

    [1]All section references are to the Internal Revenue Code in effect for the
year at issue.

**[*2]** Co.'s (Old Capital) short tax year ending December 4, 2002 (year at issue).

The initial question presented is whether the statute of limitations bars the

assessment of the determined deficiency and additions to tax.  The answer to this

question makes unnecessary the resolution of the other issues presented.

FINDINGS OF FACT

Some of the facts have been stipulated, and they are incorporated in our

findings by this reference.  At the time the petition was filed, petitioner's principal

place of business was New York.

On December 4, 2002, Old Capital merged into New Capital Fire, Inc. (New

Capital), with New Capital surviving.  The merger was designed to be a tax-free

reorganization under section 368(a)(1)(F).

Old Capital did not file a tax return for any part of 2002.  New Capital filed

a 2002 Form 1120, U.S. Corporation Income Tax Return (2002 return), on

September 12, 2003.[2]  With its 2002 return New Capital included a pro forma

Form 1120-PC, U.S. Property and Casualty Insurance Company Income Tax

Return (pro forma return), for Old Capital's tax year 2002.  The pro forma return

_____

[2]In September 2006 the Commissioner issued a notice of deficiency to New
Capital.  New Capital timely petitioned this Court.  That case, New Capital Fire,
Inc. v. Commissioner, docket No. 25505-06, has been continued pending the
outcome of this case.

[*3] reported Old Capital's employer identification number (EIN), income, deductions, and credits for the period January 1 through December 4, 2002. New Capital also attached the following statement to its 2002 return:

> On December 4, 2002, The Capital Fire Insurance Company, a New Hampshire insurance corporation, was merged into New Capital Fire, Inc., a Delaware (non-insurance) corporation. At the time of the merger, New Capital ceased its insurance operations. Attached is a copy of the certificate of merger.
>
> The operations of The Capital Fire Insurance Company are included in this return on Form 1120-PC Statement.

On its 2002 return New Capital reported Old Capital's tax payments and checked the box stating that it was the "Final Return" for Old Capital. The 2002 return was signed under penalties of perjury.

Respondent issued Old Capital a notice of deficiency on July 25, 2012, in which he determined that, inter alia, Old Capital was required to file a return for the short tax year ending December 4, 2002, because the merger failed to meet the section 368(a)(1)(F) requirements.

OPINION

The Commissioner cannot make an assessment of a deficiency in income tax without first issuing a notice of deficiency to the taxpayer. Sec. 6213(a). A notice of deficiency must be issued during the period for assessment. Woods v.

**[\*4]** <u>Commissioner</u>, 92 T.C. 776, 779-780 (1989).  As a general rule, the period for assessment, and therefore the period for issuing a notice of deficiency, ends three years after the filing of the income tax return.  Sec. 6501(a).

The notice of deficiency in this case was issued nearly nine years after New Capital filed its 2002 return.  Therefore, the period of limitations for the year at issue has expired and assessment is barred unless an exception to the general limitations period applies.  Respondent relies solely on the failure to file exception under section 6501(c)(3).  Under section 6501(c)(3), where a taxpayer fails to file a return, the tax may be assessed "at any time".

As we understand it, respondent's position is that we have before us two separate taxpayers--Old Capital and New Capital--that were each required to file tax returns.  Old Capital did not file a return for the short tax year ending December 4, 2002.  Only New Capital filed a return for the tax year ending December 31, 2002.  New Capital's 2002 return with the accompanying pro forma return, respondent urges, does not qualify as a valid return as it pertains to Old Capital's short tax year.  On the basis of the undisputed facts, whether Old Capital was required to file a return for short tax year ending December 4, 2002, and failed to do so, makes no difference to the question of whether the period of limitations has expired.

**[\*5]**   "The policy behind the 'no return' proviso which removes the effect of the statute of limitations is that it is unreasonable to expect the government to be diligent in its effort to collect unpaid taxes if the facts giving rise to the tax liability are not disclosed."  Neptune Mut. Ass'n v. United States, 862 F.2d 1546, 1555 (Fed. Cir. 1988).  "In keeping with this policy, the law holds that if a taxpayer files an incorrect return, but the return sets forth all the data necessary to compute the taxes owed, the statute of limitations begins to run."  Id.

Perfect accuracy is not required for a document to constitute a return. Zellerbach Paper Co. v. Helvering, 293 U.S. 172, 180 (1934); see also Badaracco v. Commissioner, 464 U.S. 386, 396-397 (1984) ("[A] document which on its face plausibly purports to be in compliance, and which is signed by the taxpayer, is a return despite its inaccuracies."); Germantown Tr. v. Commissioner, 309 U.S. 304, 310 (1940) ("It cannot be said that the * * * [taxpayer] made no return of the tax imposed by the statute.  Its return may have been incomplete in that it failed to compute a tax, but this defect falls short of rendering it no return whatsoever."); Standard Office Bldg. Corp. v. United States, 819 F.2d 1371, 1380-1382 (7th Cir. 1987) (railroad filed Social Security return rather than railroad retirement tax return); Werbelowsky v. Commissioner, 8 B.T.A. 442, 446-447 (1927) (executor filed Form 1041 rather than Form 1040).

**[\*6]**  The regulations under section 381 and past guidance indicate that when a corporation engages in an F reorganization, the part of the tax year before the reorganization and the part after constitute a single tax year, and the resulting corporation must file a single full-year return.  See sec. 1.381(b)-1(a)(2), Income Tax Regs.; Rev. Rul. 66-284, 1966-2 C.B. 115; Rev. Rul. 57-276, 1957-1 C.B. 126.  Respondent argues the merger was not such a reorganization, but that begs the question of whether the filing of the 2002 return began the running of the period of limitations for Old Capital.

If a taxpayer files the wrong type of return, that wrong return will be sufficient to trigger the running of the period of limitations, so long as it satisfies the following test articulated in Beard v. Commissioner, 82 T.C. 766, 777 (1984), aff'd, 793 F.2d 139 (6th Cir. 1984):  (1) the document must contain sufficient data to calculate tax liability; (2) the document must purport to be a return; (3) there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and (4) the taxpayer must have executed the document under penalties of perjury.

New Capital filed a return for 2002.  On that return New Capital claimed to be the continuation of Old Capital.  The following statement was attached to New Capital's 2002 return:

**[*7]** On December 4, 2002, The Capital Fire Insurance Company, a New Hampshire insurance corporation, was merged into New Capital Fire, Inc. a Delaware (non-insurance) corporation. At the time of the merger, The Capital Fire Insurance Company ceased in insurance operations. Attached is a copy of the certificate of merger.

The operations of The Capital Fire Insurance Company are included in this return on Form 1120-PC Statement.

The pro forma return included with New Capital's 2002 return listed the name of the taxpayer as "The Capital Fire Insurance Co." and reported income, deductions, and credits that were included in the notice of deficiency at issue in this case. Indeed, New Capital's 2002 return contained sufficient information to calculate Old Capital's tax liability.

On its 2002 return New Capital reported Old Capital's tax payments, listed Old Capital's EIN, and checked the box stating that it was the "Final Return" for Old Capital. New Capital's 2002 return clearly purported to be a return and was executed under penalties of perjury.

Respondent asserts that New Capital's 2002 return fails the third prong of the Beard test because it was "purposefully misleading". If we accept the "misleading" assertion for the sake of argument, "purposefully misleading" does not render a tax return a nullity. See, e.g., Sakkis v. Commissioner, T.C. Memo. 2010-256 (holding that a return which was on correct form and accurately reported

[*8] the taxpayers' income satisfied the Beard test, even though the taxpayers "used a frivolous legal claim to reduce their tax liability to zero"); Steines v. Commissioner, T.C. Memo. 1991-588 (holding that a return which accurately reported the taxpayer's wages, withholdings, filing status, and number of exemptions satisfied the Beard test notwithstanding a claim of frivolous deductions in an amount exceeding $100 billion), aff'd, 12 F.3d 1101 (7th Cir. 1993).

We find persuasive the rationale applied in Mabel Elevator Co. v. Commissioner, 2 B.T.A. 517 (1925), and cited with approval in Atlas Oil & Ref. v. Commissioner, 22 T.C. 552 (1954).  In Mabel Elevator Co. v. Commissioner, 2 B.T.A. at 519, the Board of Tax Appeals stated:

> The return filed purported to be made in accordance with the law; it purported to and did include the income of the taxpayer for the period in question.  In the absence of any evidence or claim that such return was false or fraudulent with intent to evade tax, it became the duty of the Commissioner to determine, within the time provided by law, whether or not the return was erroneous in any respect.

New Capital's 2002 return purported to and did include Old Capital's income from January 1 through December 4, 2002.  Respondent has not alleged, and we do not find, that New Capital's 2002 return was false or fraudulent with intent to evade tax as it pertains to Old Capital.  It was respondent's duty to

**[\*9]** determine, within the period of limitations provided by section 6501(a), whether New Capital's 2002 return, as it pertains to Old Capital, was erroneous in any respect.  The exception under section 6501(c)(3) does not apply.  Accordingly, assessment of the determined deficiency and additions to tax is barred by the statute of limitations.

To reflect the foregoing,

Decision will be entered for

petitioner.