In re James F. SLATER, Debtor.

James F. SLATER, Plaintiff,

v.

UNITED STATES of America, and The Internal Revenue Service, an agent, Defendant.

Bankruptcy No. 87–81060.
Adv. No. 87–8195.

United States Bankruptcy Court, C.D. Illinois.

Feb. 24, 1989.

James S. Brannon, Peoria, Ill., for debtor.

Darilynn J. Knauss, Asst. U.S. Atty., Peoria, Ill., for U.S.A.

## DECISION AND ORDER

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

The Debtor, JAMES F. SLATER, brought this adversary proceeding seeking a determination that income taxes for calendar years 1982 and 1983 are dischargeable. A prior order of this Court entering judgment in favor of the Debtor was reversed on appeal. Presently before the Court is the motion of the Internal Revenue Service for summary judgment. The issue to be determined is whether tax returns filed by the Debtor which contain no information other than his name, address, social security number of his wife, various constitutional objections and the following statement typed in the top margin of the return form:

OFFER TO AMEND OR REFILE THIS RETURN ANY WAY YOU WANT IF

YOU WILL JUST [TELL] ME HOW I CAN DO SO WITHOUT WAIVING *ANY* OF MY CONSTITUTIONAL RIGHTS

constitute the filing of a return for purposes of Section 523(a)(1)(B)(ii) of the Bankruptcy Code. Under this provision, taxes for which a late return is filed within two years before the bankruptcy are nondischargeable. The Debtor first filed the returns described above—the "protest" returns—more than two years before he filed his bankruptcy petition. Then, within the two year period immediately preceding his bankruptcy, he filed amended returns for 1982 and 1983 which set forth his income and tax liability.

The Internal Revenue Service contends that the protest returns which the Debtor first filed do not constitute valid returns. This Court agrees. It is well-established that the mere sending of a Form 1040 to the Internal Revenue Service does not constitute the filing of a lawful income tax return. *United States v. Verkuilen,* 690 F.2d 648 (7th Cir.1982); *United States v. Porth,* 426 F.2d 519 (10th Cir.1970). In *Porth, supra,* the court rejected the taxpayer's contention that he should be acquitted of charges of failure to file a return because he in fact filed a return although it contained only his name and reference to various constitutional provisions, stating:

> The return filed was completely devoid of information concerning his income as required by the regulations of the IRS. A taxpayer's return which does not contain any information relating to the taxpayer's income from which the tax can be computed is not a return within the meaning of the Internal Revenue Code or the regulations adopted by the Commissioner. 10 Mertens, the Law of Federal Income Taxation, Section 55.22 (1964 Revision); *Florsheim Bros. Dry Goods Co. v. United States,* 280 U.S. 453, 462, 50 S.Ct. 215, 74 L.Ed. 542 (1930); *Sanders v. Commissioner of Internal Revenue,* 225 F.2d 629 (10th Cir.1955), cert. denied, 350 U.S. 967, 76 S.Ct. 435, 100 L.Ed. 839 (1956); *National Contracting Co. v. Commissioner of Int. Rev.,* 105 F.2d 488 (8th Cir.1939).

That standard must be incorporated into Section 523 of the Bankruptcy Code. In other cases, courts have determined that common tax terms such as "gross income" contained in the Bankruptcy Code are to be given the same meaning as in the Internal Revenue Code. *Matter of Wagner,* 808 F.2d 542 (7th Cir.1986); *In re Pratt,* 78 B.R. 277 (Bkrtcy.D.Mont.1987). Here, where the Bankruptcy Code makes specific reference to the filing of a tax return with the Internal Revenue Service, it is by its rules and regulations that such a determination must be made. The protest returns filed by the Debtor prior to the two year period immediately preceding his bankruptcy do not constitute lawful income tax returns.

Accordingly, it is ORDERED that the motion of the Internal Revenue Service for summary judgment is hereby GRANTED. It is further ORDERED the Debtor's liability for income taxes for the calendar years 1982 and 1983 is declared to be NOT DISCHARGED pursuant to Section 523(a)(1)(B)(ii) of the Bankruptcy Code.