24 F.3d 252
 73 A.F.T.R.2d 94-1863
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jaime S. VALDEZ, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-15219.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 21, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jaime S. Valdez appeals pro se the district court's summary judgment for the United States in Valdez's action to quiet title to his personal property under 28 U.S.C. Sec. 2410. Valdez contends that the Internal Revenue Service's ("IRS") tax lien against his wages is invalid. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 In his complaint, Valdez challenged the validity of the IRS's lien against his wages for tax years 1981, 1983-1986 and 1988. Valdez also sought, among other things, declaratory and injunctive relief and a refund of the monies seized by the IRS. The IRS filed a motion for summary judgment to which Valdez responded by filing a motion to strike. Valdez argued that the IRS's summary judgment motion was invalid because it was supported by a declaration rather than an affidavit as required by Rule 56(e) of the Federal Rules of Civil Procedure. Valdez did not submit an affidavit or offer any evidence in support of the allegations in his complaint, nor did he challenge the evidence presented by the IRS. The district court denied Valdez's motion to strike and granted the IRS's motion for summary judgment.
 
 II
 Merits
 
 5
 We review de novo the district court's summary judgment. Huff v. United States, 10 F.3d 1440, 1443 (9th Cir.1993). Summary judgment is proper when there are no genuine issues of material fact so that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Once the moving party has met its burden of showing that no genuine issues of material fact exist, the nonmovant must produce some evidence demonstrating that triable issues of fact remain. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992).
 
 
 6
 Valdez alleged that the IRS (1) failed properly to determine his income tax deficiencies for the tax years at issue, (2) failed properly to assess taxes against him for those years, (3) failed properly to respond to his requests for copies of the records of assessment, (4) failed to send him timely notices of the tax assessments and demand for payment as required by 26 U.S.C. Sec. 6303, (5) wrongfully assessed his 1985 income tax liability while his case in Tax Court for that year was pending, (6) assessed income tax liabilities against him that had been discharged in bankruptcy proceedings, and (7) wrongfully levied upon his wages to collect delinquent income taxes. On appeal, Valdez's sole contention is that the IRS failed to show the absence of any genuine issues of material fact because the IRS relied on the declaration of IRS attorney Eric M. Casper, instead of a proper affidavit.
 
 A. Declaration of Attorney Eric M. Casper
 
 7
 Valdez contends that Rule 56(e) of the Federal Rules of Civil Procedure requires that only affidavits be submitted into evidence, not declarations. This contention lacks merit.
 
 
 8
 Under section 28 U.S.C. Sec. 1746, a declaration subscribed as true under penalty of perjury and dated has the same force and effect as a sworn statement or affidavit. Here, the declaration of Eric M. Casper was properly executed pursuant to section 1746, and therefore properly met the affidavit requirement of Rule 56(e).
 
 B. Section 2410
 
 9
 The United States may be named a party in any action to quiet title to real or personal property on which it has or claims a mortgage or lien. 28 U.S.C. Sec. 2410(a). Under section 2410, the taxpayer may challenge only the procedural aspects of a tax lien, not the merits of the underlying tax assessment. Huff, 10 F.3d at 1445. A section 2410(a) quiet title action is jurisdictionally barred if the United States claims a title interest, rather than a lien interest in the disputed property. Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992).
 
 
 10
 Here, the district court lacked jurisdiction over Valdez's quiet title action as it related to wages already seized because the United States claimed a title interest in that property. See Farr v. United States, 990 F.2d 451, 453 (9th Cir.), cert. denied, 114 S.Ct. 634 (1993); Hughes, 953 F.2d at 538. The Court had jurisdiction over the action only as it related to Valdez's future wages. See Farr, 990 F.2d at 453.
 
 
 11
 Valdez's claim that the IRS failed properly to determine his income tax deficiencies for the years in question addresses the merits of his assessment and therefore is not actionable under section 2410. See Huff, 10 F.2d at 1145. Valdez's other claims present procedural challenges to the validity of the IRS's lien and are therefore cognizable under section 2410. See id.
 
 
 12
 1. Assessments and Requests for Copies: Section 6203
 
 
 13
 Valdez contends that the IRS failed to make proper assessments against him and failed to respond to his requests for copies of the assessments under 26 U.S.C. Sec. 6203. See 26 C.F.R. Sec. 301.6203-1. Valdez also contends that the IRS failed to properly issue him timely notices of assessment and demand for payments as required by 26 U.S.C. 6303(a). These contentions lacks merit.
 
 
 14
 "Generally, courts have held that IRS Form 4340 provides at least presumptive evidence that a tax has been validly assessed under section 6203." See Huff, 10 F.3d at 1445. Here, the government submitted Form 4340s for each of the tax years in question. These forms set forth, for each of the taxable years: Valdez's name and social security number; the amounts of tax, penalties, and interest assessed; the type of tax assessed; the period for which the tax was assessed; the date on which the tax was assessed (the "23C date"); and the dates various notices were issued to Valdez.
 
 
 15
 The IRS submitted presumptive evidence that it properly assessed Valdez's taxes and sent him timely notices and demands for payments for the years in question. See id. at 1446. Moreover, because the Forms set forth all the information that section 6203 requires, the IRS submitted presumptive evidence that Valdez was given all the documentation to which he is entitled by section 6203. See Koff v. United States, 3 F.3d 1297, 1298 (9th Cir.1993) (per curiam) (citing James v. United States, 970 F.2d 750, 755 (10th Cir.1992) ("notices [of assessment] also satisfy 26 U.S.C. Sec. 6203, the requirement that the IRS provide a copy of the record of assessment")), pet. for cert filed, 62 U.S.L.W. 3430 (U.S. Nov. 30, 1993) (No. 93-978). Valdez failed to present any evidence regarding the assessments made against him. Accordingly, the district court properly entered summary judgment for the IRS on these issues. See Alaska Airlines, 948 F.2d at 539.[1]
 
 2. Tax Court Proceedings: Section 6213(a)
 
 16
 Valdez's contention that the IRS improperly assessed his 1985 tax liability while his Tax Court case for that year was pending is not borne out by the record.
 
 
 17
 The IRS may not assess a deficiency for a particular tax year while a taxpayer's case involving that year is pending in the Tax Court. 26 U.S.C. Secs. 6213(a), 7421(a). According to the record, Valdez's Tax Court case involving his 1985 tax liability was dismissed for lack of prosecution on November 16, 1990 and the IRS assessed his 1985 deficiency on April 15, 1991. Thus, the district court properly entered summary judgment for the IRS on this issue. See 26 U.S.C. Sec. 6213(a).
 
 3. Bankruptcy Proceedings
 
 18
 Valdez's contention that his income tax liabilities for tax years 1981, 1983, 1984, and 1986 were discharged in his bankruptcy proceedings lacks merit.
 
 
 19
 An individual debtor is not discharged from any debt for a tax with respect to which a return, if required, was not filed. 11 U.S.C. Sec. 523(a)(1)(b)(i). "As a general rule, a document which does not contain any information relating to the taxpayer's income from which the tax owed can be computed is not a return within the meaning of section 7203." United States v. Kimball, 925 F.2d 356, 357 (9th Cir.1991) (en banc) (quotations and citations omitted). Thus, protest returns are not lawful returns for bankruptcy discharge purposes. See id.; Slater v. United States (In re Slater), 96 B.R. 867, 868 (Bankr.C.D.Ill.1989).
 
 
 20
 Here, Valdez failed to file tax returns for tax years 1984, 1985, 1986 and 1988. His 1981 tax return contained no information and his 1983 return did not disclose the source of his income and included the letter U.D. (apparently standing for "under duress") over his signature. Accordingly, because income tax liabilities may not be discharged for those years in which a taxpayer fails to file a valid return, the district court properly granted summary judgment for the IRS on this issue. See 11 U.S.C. Sec. 523(a)(1)(B)(i).
 
 4. Validity of Lien
 
 21
 Valdez's apparent contention that 26 U.S.C. Sec. 6331 only allows a levy on wages already in possession of the government, and not of a private employer lacks merit. Under 26 U.S.C. Sec. 6332(a), "any person in possession of ... property or rights to property subject to levy upon which a levy has been made shall, upon demand ..., surrender such property or rights." A levy may be made "upon all property and rights to property ... belonging to [a taxpayer] or on which there is a [federal tax] lien." Id. at Sec. 6331. The district director has authority to place a levy on "any person liable to pay any tax." 26 C.F.R. Sec. 301.6331-(a)(1). Thus, because the language of the statute and its accompanying regulations provides that the levy can be made upon accrued salary, wages, or other property of the person liable for the unpaid tax, the district court properly granted summary judgment for the IRS on this issue.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Valdez requested injunctive, declaratory and monetary relief, the district court correctly dismissed the claims. See Jensen v. IRS, 835 F.2d 196, 198 (9th Cir.1987); Wages v. IRS, 915 F.2d 1230, 1234-35 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991); Hughes v. United States, 953 F.2d 531, 536-37 (9th Cir.1992)