**In re Wilbur H. & Mary C. LaRUE, Debtors.**

**Wilbur H. LaRUE, Plaintiff,**

v.

**UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE and Arizona Department of Revenue, Defendants.**

**Bankruptcy No. 96–01968–PHX–CGC.**
**Adversary No. 96–00760.**

United States Bankruptcy Court,
D. Arizona.

May 28, 1997.

---

9. As mentioned above, default judgment was entered against Defendant North Star Guarantee by previous order.

Wilbur H. LaRue, Phoenix, AZ, pro se.

Robert A. Johnson, Special Assistant, United States Attorneys Office, Phoenix, AZ, for Internal Revenue Service.

## UNDER ADVISEMENT ORDER RE: IRS MOTION FOR SUMMARY JUDGMENT

CHARLES G. CASE, II, Bankruptcy Judge.

On March 18, 1997, the Internal Revenue Service ("IRS") filed a motion for summary judgment in adversary proceeding number 96–760 against debtors Wilbur and Mary La-Rue ("Debtors"). Although the Complaint is not particularly clear, the Court agrees with the IRS that the relief sought by Debtors is two-fold: first, Debtors seek to discharge certain liabilities and, second, Debtors seek a determination by this Court of the extent of their tax liabilities.

For the reasons below, this Court grants the IRS summary judgment and determines that the frivolous return penalties and debtors' tax liability for 1991 and debtors' tax liability are not dischargeable. Under these circumstances, the Court declines to determine the amount or basis for such liabilities.

## I. FACTS

Debtors filed Chapter 7 bankruptcy in February 1996 and an adversary proceeding against the IRS in September 1996. Their complaint in the adversary proceeding alleges that the IRS seeks to collect monies for past due taxes and frivolous return penalties of approximately $3500 that should be discharged in the Chapter 7 proceedings.

The IRS in return contends that these debts are not dischargeable pursuant to 11 U.S.C. § 523(a)(1) and, further, that this Court has discretion under 11 U.S.C. § 505 to abstain from determining the underlying tax liability and penalties because "there is no bankruptcy purpose to do so." The IRS argues, and debtors do not dispute, that debtors filed their 1991 tax returns on August 27, 1992. On their tax returns, each debtor crossed out all lines requesting information with regard to income or deductions with a large N/A written in, until the taxable income line, in which they each placed a zero. Debtors then claimed refunds of all withholding, estimated tax payment, and FICA tax payments.

## II. ANALYSIS

The IRS concedes that frivolous return penalties for the years 1989 and 1990 are dischargeable pursuant to *McKay v. United States,* 957 F.2d 689 (9th Cir.1992), because the frivolous returns at issue were filed more than three years before the bankruptcy petition in this case was filed. Therefore, the debts at issue before this Court involve the frivolous return penalty for 1991, Wilbur La-Rue's 1991 tax liability, and Mary LaRue's 1991 tax liability. The amounts allegedly owed are $539.97, $430.38, and $2,221.31 respectively.

Pursuant to 11 U.S.C. § 523(a)(1)(B)(i), a discharge under Chapter 7 "does not discharge an individual debtor from any debt for a tax or a customs duty with respect to which a return, if required, was not filed." Courts have consistently held that returns that do not contain any information relating to the taxpayer's income from which a tax can be computed are not returns within the meaning of the Internal Revenue Code. *See United States v. Klee,* 494 F.2d 394 (9th Cir.1974); *United States v. Porth,* 426 F.2d 519 (10th Cir.1970). The IRS is correct that debtors' failure to record any informa-

tion, except for a zero in the taxable income column, amounts in essence to a failure to file a return. *See United States v. Kimball,* 925 F.2d 356 (9th Cir.1991) (asterisk in columns amounts to no information); *Morgan v. C.I.R.,* 807 F.2d 81 (6th Cir.1986) ("object 5th amend" amounts to no information). Further, this Court sees no distinction based on the fact that debtors placed a zero on the taxable income line. The fact remains that on all other lines necessary to compute debtors' taxes, debtors wrote "N/A." This is not the same as placing zeros in every column as the court found in *United States v. Long,* 618 F.2d 74 (9th Cir.1980).

 Debtors have presented no evidence to the contrary. Further, there is no merit to debtors' argument that because the IRS conceded that the 1989 and 1990 frivolous return penalties were discharged that this also means the 1991 liabilities are automatically discharged too. This simply does not follow since the government's concession is based upon the fact that the older penalties are outside the three year limit of the statute and the latter penalty is not. Further, debtors' argument that the government must tell them what tax forms to file is frivolous. Finally, debtors have cited no authority for the remarkable proposition that their wages are not subject to income tax. The authority to the contrary is overwhelming. Debtors simply have not addressed the real issue, which is the lack of meaning of the information provided on the returns they did file.

For these reasons, these tax returns are not lawful tax returns for the years covered by the returns. *See In re Slater,* 96 B.R. 867 (Bankr.C.D.Ill.1989). Therefore, these tax liabilities are not dischargeable under Chapter 7. Further, this Court need not address the IRS's additional argument that these taxes are not dischargeable because they are priority taxes and excepted from discharge under 11 U.S.C. § 523(a)(1)(A).

 Because there is no further bankruptcy purpose to be served, the Court exercises its discretion to decline to determine the nature and extent of the tax liability under 11 U.S.C. § 505 beyond the preliminary determinations necessary to the resolution of this motion. If debtors believe they are ag-

grieved by the imposition of these taxes and penalties, they may pay them and file a refund action in the District Court or pursue such other remedy as may be available to them.

### III. CONCLUSION

For all the foregoing reasons, the Court grants summary judgment in favor of the IRS. A separate Judgment of today's decision will be signed contemporaneously herewith.

So ordered.