214 B.R. 847 (1997)
In re William C. HINDENLANG, Debtor,
UNITED STATES of America, Appellant,
v.
William C. HINDENLANG, Appellee.
Bankruptcy No. 96-10250, No. C-1-97-372.
United States District Court, S.D. Ohio, Western Division.
September 10, 1997.
Nicholas J. Pantel, Cincinnati, OH, Gregory S. Nickerson, Washington, DC, for Appellant.
Alan J. Statman, Cincinnati, OH.

OPINION and ORDER
BECKWITH, District Judge.
This appeal from the February 24, 1997, decision of the United States Bankruptcy Court presents the following issue: whether the Bankruptcy Court correctly decided that Forms 1040 submitted by the Debtor for the tax years 1985 through 1988, after the Internal Revenue Service had assessed deficiencies for those years, are tax returns that *848 entitle the Debtor to a discharge for the corresponding tax liabilities. For the reasons that follow, the Court AFFIRMS the Bankruptcy Court's decision awarding summary judgment to the Debtor.
1. Background
The Debtor failed to file federal income tax returns for the tax years 1985 through 1988, inter alia. In 1991, the Internal Revenue Service assessed deficiencies for those years. Still, the Debtor did not pay the deficiencies. On December 3, 1993, the Debtor filed Forms 1040 for the tax years 1985 through 1988, without payment for the deficiencies reflected on the documents. On January 22, 1996, the Debtor filed his petition for relief pursuant to chapter 7 of the United States Bankruptcy Code.
After the Debtor filed his petition for relief, the parties filed cross-motions for summary judgment with respect to the dischargeability of the Debtor's tax deficiencies for the tax years 1985 through 1988. The Bankruptcy Court granted the Debtor's motion and denied Appellant's motion on the ground that the deficiencies were dischargeable pursuant to 11 U.S.C. § 727(b) and none of the exceptions to dischargeability found in 11 U.S.C. § 523(a) applied. Appellant appeals from that decision.
2. Standard of Review
The parties agree that this appeal presents a legal question and that the Court must undertake a de novo review. See Baker & Getty Financial Services v. Rafoth, 106 F.3d 1255, 1259 (6th Cir.1997).
3. Analysis
Appellant contends that the Bankruptcy Court erred in not concluding that the exception to dischargeability found at 11 U.S.C. § 523(a)(1)(B) prevented the discharge of the Debtor's tax liability with respect to tax years 1985 through 1988. Pursuant to that exception
(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) [of Title 11] does not discharge an individual debtor from any debt 
(1) for a tax or a customs duty 
* * * * * *
(B) with respect to which a return, if required 
(i) was not filed.
Appellant contends that, while the Bankruptcy Code does not define the word "return," application of the definition of that term provided in Germantown Trust Co. v. Commissioner, 309 U.S. 304, 60 S.Ct. 566, 84 L.Ed. 770 (1940), establishes that the Forms 1040 filed by the Debtor on December 3, 1993, were not returns. Accordingly, Appellant argues, the Debtor did not file a return with respect to the 1985 through 1988 tax years and is not entitled to a discharge of his tax liability for those tax years.
The parties agree that the definition of "return" as that word is used in 11 U.S.C. § 523(a)(1)(B) is the one set forth in the Germantown Trust decision. In order to qualify as a return, a document must satisfy the following four criteria:
(1) it must purport to be a return;
(2) it must be executed under penalty of perjury;
(3) it must contain sufficient data to allow calculation of tax; and
(4) it must represent an honest and reasonable attempt to satisfy the requirements of the tax law.
Germantown Trust, 309 U.S. at 306-09, 60 S.Ct. at 567-69.
As the party seeking an exception to discharge, Appellant bore the burden of proof with respect to the applicability of the § 523(a)(1)(B)(i) exception before the Bankruptcy Court. See Grogan v. Garner, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991). As the party bearing the burden of proof, Appellant was required to introduce evidence in support of its claim of exception to dischargeability in order to avoid the entry of summary judgment in favor of the Debtor. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).
The basis of Appellant's appeal is the fourth Germantown Trust criterion: that a document is not a return unless it represents *849 an honest and reasonable attempt to satisfy the requirements of the tax laws. Appellant argues, in essence, that the Bankruptcy Court erred in concluding that the Forms 1040 filed by the Debtor on December 3, 1993, satisfied that requirement.
Before the Bankruptcy Court, Appellant sought a ruling as a matter of law on a factual issue, the honesty and reasonableness of the Debtor and his actions, but did not introduce evidence that would tend to prove that the Debtors' actions were not honest and reasonable attempts to satisfy the requirements of the tax laws. Appellant represented there, as it does here, that the Debtor has stated that he did not file the documents in December 1993 in an effort to comply with the tax laws but in order to avail himself of the discharge of the deficiencies in bankruptcy. Appellant did not, and dogs not, cite to any evidence in support of that representation, however. The Court has combed through the exhibits attached to Appellant's motion for summary judgment filed in the Bankruptcy Court and does not find the statement Appellant attributes to the Debtor.[1]
Absent evidence to support its contention that the fourth Germantown Trust criterion is not satisfied, Appellant could only defeat the Debtor's motion for summary judgment by establishing, as a matter of law, that no debtor filing what purports to be a return after the Internal Revenue Service has assessed a deficiency for the tax year in question could satisfy the fourth Germantown Trust criterion. Appellant offers no support for such a broad conclusion, and this Court does not conclude that such a delayed filing will always fail to satisfy the fourth Germantown Trust criterion. Accordingly, the Court concludes that Appellant failed to introduce evidence in support of a claim with respect to which it bore the burden of proof and failed to demonstrate that the claim was established as a matter of law. The Bankruptcy Court, thus, correctly awarded summary judgment to the Debtor.
4. Conclusion
For the foregoing reasons, the February 24, 1997, decision of the United States Bankruptcy Court is hereby AFFIRMED.
IT IS SO ORDERED.
NOTES
[1] The copy of the transcript of the Debtor's deposition that Appellant filed with its motion for summary judgment includes only every other page of that transcript. In any event, Appellant did not refer the Bankruptcy Court to that transcript for the statement it attributes to the Debtor.