In re Billie Eugene BILLMAN, Debtor.

Billie Eugene BILLMAN, Plaintiff,

v.

**DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE,** Defendant.

Bankruptcy No. 97–30033–BKC–SHF. Adversary No. 97–0401–BKC–SHF–A.

United States Bankruptcy Court, S.D. Florida.

Feb. 26, 1998.

Brad Culverhouse, Ft. Pierce, FL, for Debtor.

John Lortie, Special Assistant U.S. Attorney, Sunrise, FL, for Defendant.

---

### ORDER GRANTING THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court on September 16, 1997, for consideration of the motion of the United States for summary judgment. The Debtor has filed a complaint seeking a determination of whether the debt owed to the Internal Revenue Service ("IRS") is dischargeable. The Debtor contends that his tax liability for the tax years 1979, 1980 and 1981 were discharged in the Debtor's 1996 chapter 7 case. Having considered the United States' motion and the response by the Debtor and for the reasons set forth below, the Court grants the United States' motion.

The United States has alleged that the Debtor's tax liabilities for the tax years 1979, 1980 and 1981 are nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(B) because the Debtor failed to file tax returns for those years. The Debtor contends he did file the tax returns and has attached copies of the tax returns to his response. The "returns" attached to the Debtor's response contain only his name, address and social security number at the top of the document and his signature on the bottom. The remainder of the document is blank. The Debtor has failed to

include his income or any other information on the document.

 Section 523(a)(1)(B) provides that a discharge under section 727 of title 11 does not discharge an individual for any debt for a tax with respect to which a return was not filed. For a document to qualify as a return, it must satisfy four criteria:

(1) it must purport to be a return;

(2) it must be executed under penalty of perjury;

(3) it must contain sufficient data to allow calculation of tax; and

(4) it must represent an honest and reasonable attempt to satisfy the requirements of the tax law.

*In re Hindenlang,* 214 B.R. 847, 848 (S.D.Ohio 1997) *citing, Germantown Trust Co. v. Commissioner,* 309 U.S. 304, 60 S.Ct. 566, 84 L.Ed. 770 (1940). The Debtor's "returns" do not contain sufficient data to allow calculation of his tax and do not represent an attempt to satisfy the requirements of the tax law. Further, in a recent case, *In re LaRue,* 215 B.R. 766 (Bankr.Ariz.1997), the court considered whether a return filed with all the lines marked out and a zero on the taxable income line constituted a "return". In that case, the court determined that the return filed was not a lawful return. The court in *LaRue* also noted that, "[c]ourts have consistently held that returns that do not contain any information relating to the taxpayer's income from which a tax can be computed are not returns within the meaning of the Internal Revenue Code." *Id.* at 767. The "returns" filed by the Debtor containing no information likewise cannot be considered filed returns as contemplated by the Bankruptcy Code. Accordingly, it is

ORDERED that the United States' motion for summary judgment is granted and the Debtor's liability for tax years 1979, 1980 and 1981 are nondischargeable.