In re Daniel G. PRINCE, d.b.a. D.G. Prince Insurance Agency, Debtor.

Daniel G. Prince, Plaintiff,

v.

United States of America, Internal Revenue Service, Defendant.

Bankruptcy No. 97–40221.

Adversary No. 98–4051.

United States Bankruptcy Court, N.D. Ohio.

Feb. 25, 1999.

James H. Beck, Canfield, OH.

Stephen A. Sherman, Tax Division, U.S. Department of Justice, Washington, DC.

Donald M. Robiner, Cleveland, OH, U.S. Trustee.

## MEMORANDUM OPINION

WILLIM T. BODOH, Bankruptcy Judge.

This cause is before the Court on the motion for summary judgment of the United States of America, Internal Revenue Service ("IRS"), and on the response thereto filed on behalf of Debtor/Plaintiff ("Debtor"). For the reasons hereinafter set forth, the motion for summary judgment of the IRS is sustained. Debtor's tax obligations to the IRS for tax years 1983 and 1984 are not dischargeable.

Debtor filed his petition for relief under Chapter 7 of Title 11, United States Code, on January 30, 1997. Included in the debts sought to be discharged in that petition are obligations to the IRS for tax years 1983 and 1984. Debtor subsequently brought this adversary action seeking a determination that the obligations for those years are dischargeable. The IRS contends the obligations for those tax years are not dischargeable as they fall within the exception to discharge of 11 U.S.C. § 523(a)(1)(B).

## STANDARD OF REVIEW

The procedure for granting summary judgment is found in FED. R. CIV. P. 56(c), made applicable to this proceeding through FED. R. BANKR. P. 7056, which provides in part that

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment is not appropriate if there is a material dispute over the facts, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct.

2548, 91 L.Ed.2d 265 (1986). *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The Sixth Circuit has recognized that *Liberty Lobby, Celotex* and *Matsushita* effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989). In responding to a proper motion for summary judgment, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Street*, 886 F.2d at 1479 (quoting *Liberty Lobby*, 477 U.S. at 257, 106 S.Ct. 2505). The nonmoving party must introduce more than a scintilla of evidence to overcome the summary judgment motion. *Street*, 886 F.2d at 1479. It is also not sufficient for the nonmoving party merely to "show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348. Moreover, "[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street*, 886 F.2d at 1479. That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.

This line of cases emphasizes the point that when one party moves for summary judgment, the nonmoving party must take affirmative steps to rebut the application of summary judgment. Courts have stated that:

> Under *Liberty Lobby* and *Celotex*, a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict, and if the opposing party is thereafter unable to demonstrate that he can do so, summary judgment is appropriate. "In other words, the movant could challenge the opposing party to 'put up or shut up,' on a critical issue [and] ... if the respondent did not 'put up,' summary judgment was proper."

*Fulson v. City of Columbus*, 801 F.Supp. 1, 4 (S.D.Ohio 1992) (quoting *Street*, 886 F.2d at 1478).

## FACTS

It is not disputed that Debtor failed to timely file returns for tax years 1983 and 1984. After determining returns for those years were not received from Debtor, the IRS prepared substitutes for returns (SFRs) pursuant to the authority of 26 U.S.C. § 6020(b). Debtor does not contest the IRS contention that he did not provide the IRS with any assistance in determining his income or deductions for those years nor did Debtor rebut the assertion that he did not execute the SFRs. The IRS then in 1988 assessed taxes that had been determined in the SFRs for 1983 and 1984. No attempts to pay the assessments were made by Debtor. Debtor contends that returns were prepared and on May 26, 1994 were mailed to the IRS by Debtor's certified public accountant. It is further contended that the returns were received by the IRS on June 2, 1994 and returned to Debtor's certified public accountant on June 16, 1994 without any explanation for their return. Debtor contends that he never filed "amended" forms 1040 for years 1983 and 1984 in calendar year 1996. Then on January 30, 1997, Debtor filed his petition for relief under Chapter 7 of Title 11.

Construing the allegations of fact, supported by affidavits, most favorably to Debtor as the nonmoving party, we are left with the conclusion that Debtor filed his 1983 and 1984 returns after the IRS had calculated its own assessment of Debtor's tax liability by the authority of 26 U.S.C. § 6201. Debtor's filing of returns in 1994, more than two years prior to the filing of his bankruptcy petition, served no purpose under federal tax laws. Thus, they could not be considered as "returns" under 11 U.S.C. § 523(a)(1)(B). Concluding for purposes of this motion for summary judgment that Debtor filed returns more than

two years before filing his Chapter 7 petition and that the 1994 filing occurred after the IRS assessments based on the SFRs for 1983 and 1984 were made, we are left with the conclusion as a matter of law that the filings were not returns. Debtor's 1983 and 1984 obligations fall under the 11 U.S.C. § 523(a)(1) exception to discharge and are not dischargeable. *United States v. Hindenlang (In re Hindenlang)*, 164 F.3d 1029 (6th Cir.1999).

## CONCLUSION

There is no dispute regarding operative facts and the IRS is entitled to judgment as a matter of law. The motion of the IRS for summary judgment is sustained. Debtor's tax obligations to the IRS for tax years 1983 and 1984 are not dischargeable.