**In re Samuel R. SHRENKER, Debtor.**

**Samuel R. Shrenker, Plaintiff,**

**v.**

**United States of America, Defendant.**

**Bankruptcy No. 199–21278–353.**
**Adversary No. 199–1436–353.**

United States Bankruptcy Court,
E.D. New York.

Feb. 9, 2001.

---

William Bryk, New York, for Plaintiff.

Linda M. Marino, Assistant United States Attorney, Eastern District of New York, Brooklyn, for Defendant.

### MEMORANDUM AND ORDER DETERMINING DISCHARGEABILITY OF INCOME TAXES

JEROME FELLER, Bankruptcy Judge.

Samuel R. Shrenker ("Shrenker" or the "Debtor"), Chapter 7 debtor herein, seeks to discharge his income tax liabilities for tax year 1991 in the amount of $35,957.00 under Bankruptcy Code Section 727. The United States objects to this discharge and contends that Shrenker falls under the exception to discharge provision in Bankruptcy Code Section 523(a)(1)(B), which prohibits the discharge of taxes for which a debtor did not file a return. Specifically, the United States argues that Shrenker filed a Form 1040 only after the Internal Revenue Service ("IRS") had calculated its own assessment of Shrenker's tax liability by its authority under 26 U.S.C. § 6201, after which Shrenker's late-filed form served no purpose under tax law. Therefore, the United States contends that Shrenker's Form 1040 did not constitute a "return" under Section 523(a)(1)(B). For all of the reasons hereinafter set forth, this Court finds, as a matter of law, that the tax form submitted by the Debtor to the IRS in April 1996 fails to qualify as a "return" and therefore, the Debtor's in-come tax liability for tax year 1991 is not dischargeable. Accordingly, the United States motion for summary judgment is granted and Shrenker's adversary proceeding is dismissed.

### FACTS AND PROCEDURE

The salient and material facts are not in dispute. The Debtor did not timely file a tax return for tax year 1991. The IRS prepared a substitute tax return for Shrenker's 1991 income taxes on March 29, 1993, which showed that Shrenker owed taxes in the sum of $17,214.00. On June 14, 1993, the IRS sent Shrenker a deficiency notice informing him that he owed $17,214.00 in taxes and penalties in the amount of $5,026.00 for tax year 1991. In calculating the amount of taxes owed by Shrenker set forth in the deficiency notice, the IRS included wages in the sum of $32,600.00 and an IRA distribution in the amount of $41,409.00, based on income information items (1099's and W–2's) reported to the IRS by third parties. On August 27, 1993, John B. Kotmair, Jr., wrote to the IRS, on behalf of Shrenker, disputing the validity of the IRS' deficiency notice and tax assessment.

On April 12, 1996, Shrenker submitted a Form 1040 for tax year 1991, showing total income of $16,471.00, and taxes owed to the IRS in the amount of $3,876.00. This Form 1040 did not include wages in the sum of $32,600.00 and the IRA distribution in the sum of $41,409.00. On June 16, 1998, the IRS sent the Debtor a letter informing him of the aforesaid omissions. Subsequently, on July 6, 1998, the IRS sent the Debtor a notice that his claim for tax year 1991 would be disallowed, if he did not provide information that the IRA distribution in the sum of $41,409.00 was not taxable and the wages in the amount of $32,600.00 were not earned by Shrenker. On July 16, 1998, the IRS sent Shrenker notice that his claim for tax year 1991 was disallowed in full, and attached form 2297 (Waiver of Statutory Notification of Claim Disallowance) and form 3363 (Acceptance

of Proposed Disallowance of Claim for Refund or Credit). Shrenker executed both forms on August 3, 1998 and returned them to the IRS by certified mail.

On September 3, 1999, Shrenker filed a Chapter 7 petition. Two weeks later, he commenced the instant adversary proceeding seeking this Court's determination that the tax liability in question is dischargeable pursuant to Bankruptcy Code Section 727(b), as such tax liability does not fall within the exceptions to dischargeability enumerated in Bankruptcy Code Section 523(a)(1). The Debtor contends that the 1991 tax liability in the sum of $35,957.00 is dischargeable because (1) it pertains to a tax year more than three years before the filing of his bankruptcy petition; (2) a tax return for 1991 was actually filed by Shrenker more than two years before the filing of his bankruptcy petition; and (3) the 1991 tax liability was assessed more than 240 days before the bankruptcy filing. The United States filed an answer and an amended answer seeking dismissal of the debtor's complaint for the following reasons: (1) Shrenker's income tax liability for taxable year 1991 is not dischargeable under Bankruptcy Code Sections 523(a)(1)(B) and 523(a)(1)(C) and (2) lack of personal jurisdiction due to insufficiency of service of process.

At a hearing held on August 16, 2000, the Court heard oral arguments as to whether the Form 1040 submitted by the Debtor in April 1996, after the IRS had already prepared a substitute return, qualified as a "return" under Bankruptcy Code Section 523(a)(1)(B). With permission of the Court, a post-hearing submission was filed by the United States. The Debtor failed to respond to such submission.

1. For purposes of summary judgment, the court must consider all the relevant facts in a light most favorable to the nonmoving party and determine whether the movant must prevail as a matter of law. *Adickes v. S.H. Kress*

ANALYSIS

The issue of whether a Form 1040 filed after the IRS has made an assessment can constitute a "return" for purposes of Section 523(a)(1)(B) is a question of law.[1]

Bankruptcy Code Section 523(a)(1)(B) provides as follows:

A discharge under section 727, * * * of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

* * * * * *

(B) with respect to which a return, if required—

(i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition...

Under this provision, nondischargeability of taxes occurs if i) there is a failure to file a return at all, or ii) the return was filed beyond its last permitted due date, i.e., late, and such late return was filed less than two years before the bankruptcy petition.

In the instant case, it is undisputed that Shrenker filed a late Form 1040 for the year in question more than two years before filing his bankruptcy petition, but undeniably only after the IRS had already made an independent assessment of his tax liability. Shrenker contends that the form he filed is a valid income tax return and seeks discharge of his tax debt for 1991. The United States contends that once a taxpayer has been assessed a deficiency, a form 1040 submitted by the taxpayer to the IRS no longer qualifies as a return under Section 523(a)(1)(B). Thus, the Court is left with the threshold question of what constitutes a return under Section 523(a)(1)(B) of the Bankruptcy Code.

*& Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). However, since there are no material disputed facts in the instant matter, we will now address the legal issue.

In *United States v. Hindenlang (In re Hindenlang)*, 164 F.3d 1029, 1033 (6th Cir.), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 37 (1999), the Sixth Circuit applied a four-part test to determine whether a filing with the IRS constitutes a "return." Under Section 523(a)(1)(B), in order for a document to qualify as a return: (1) it must purport to be a return; (2) it must be executed under penalty of perjury; (3) it must contain sufficient data to allow calculation of tax; and (4) it must represent an honest and reasonable attempt to satisfy the requirements of the tax law.[2] A number of bankruptcy courts have also adopted this test. *See, e.g., Pierchoski v. United States (In re Pierchoski)*, 243 B.R. 639, 642 (Bankr.W.D.Pa.1999); *Billman v. Internal Revenue Service (In re Billman)*, 221 B.R. 281, 282 (Bankr. S.D.Fla.1998); *McGrath v. United States (In re McGrath)*, 217 B.R. 389, 392 (Bankr. N.D.N.Y.1997).

In *In re Hindenlang*, the Sixth Circuit held that a debtor's federal income tax liability was not dischargeable, pursuant to Bankruptcy Code Section 523(a)(1)(B), because the debtor did not file any tax forms until after the IRS assessed deficiencies. *In re Hindenlang*, 164 F.3d at 1029. The Court reasoned that tax forms filed by a debtor after the IRS already had assessed deficiencies were not "returns" as a matter of law, in that they served no tax purpose and cannot be deemed an honest and reasonable effort to satisfy the tax law by a debtor. *Id.* at 1034–35. *See Mickens v. United States (In re Mickens)*, 214 B.R. 976 (N.D.Ohio 1997), *aff'd*, 173 F.3d 855 (6th Cir.1999) (Form 1040 filed after the IRS made assessment is not a return for purposes of Section 523(a)(1)(B) if it no longer serves any tax purpose or has any effect under the Internal Revenue Code); *Prince v. United States (In re Prince)*, 240 B.R. 261 (Bankr.N.D.Ohio 1999) (Returns filed by a debtor more than two years before the Chapter 7 filing, after the IRS already made an assessment of the debtor's tax liability and filed substitute returns did not qualify as returns within the meaning of Section 523(a)(1)(B)).[3]

The undisputed, material facts in the instant matter fall squarely under *Hindenlang*. Shrenker concedes that he did not submit a tax form for his 1991 income taxes until after the IRS already had prepared a substitute return and sent him a deficiency notice informing him that he owed taxes in the sum of $17,214.00 and penalties in the amount of $5,026.00. Moreover, the Form 1040 submitted by Shrenker to the IRS in April 1996 failed to report all of Shrenker's income. The Debtor provided no explanation with the April 1996 tax form that he submitted to the IRS or at any time thereafter as to why those income items were omitted. Consequently, under the rationale in *Hindenlang*, this Court finds that Shrenker's 1991 tax debt is not dischargeable under Bankruptcy Code Section 523(a)(1)(B); the untimely tax form submitted by Shrenker in April 1996 is not a tax return for bankruptcy dischargeability purposes as it served no tax purpose and cannot constitute an honest and reasonable effort to satisfy the tax law.

Even if this Court were to decline adoption of the *Hindenlang* holding and underlying rationale, it would still conclude that Shrenker's 1991 tax debt is nondischargeable under *Johnson v. United States (In re Johnson)*, 236 B.R. 456 (Bankr.M.D.Fla. 1999) and *Dyer v. Georgia Department of Revenue (In re Dyer)*, 158 B.R. 904 (Bankr.W.D.N.Y.1993). In the *Johnson* case, *supra*, the court held that a debtor's tax liability for 1989 was not dischargeable

---

**2.** This test was derived from two Supreme Court cases: *Germantown Trust Co. v. Commissioner*, 309 U.S. 304, 60 S.Ct. 566, 84 L.Ed. 770 (1940) and *Zellerbach Paper Co. v. Helvering*, 293 U.S. 172, 55 S.Ct. 127, 79 L.Ed. 264 (1934).

**3.** *But see United States v. Nunez (In re Nunez)*, 232 B.R. 778 (9th Cir. BAP 1999); *Crawley v. United States (In re Crawley)*, 244 B.R. 121 (Bankr.N.D.Ill.2000).

under Section 523(a)(1)(B) because the debtor "never signed or submitted a document which disclosed all of the information from which his tax liability could be computed. [Citation omitted]. Specifically, the Debtor never disclosed all of the income and all of his expenses for 1989." *Id.* at 463. Similarly, Shrenker omitted income items on the document that he submitted to the IRS. In fact, it is undisputed that on June 16, 1998, the IRS sent the Debtor a letter informing him that the Form 1040 that he submitted did not include the IRA distribution in the sum of $41,409.00 and wages in the amount of $32,600.00. Subsequently, on July 16, 1998, the IRS sent the Debtor notice that his claim for tax year 1991 was disallowed in full. Notably, the Debtor did not file an amended tax form upon receipt of the IRS' communications. There is also no evidence to suggest that the Debtor responded to the IRS' letter dated June 16, 1998 or notice dated July 6, 1998, detailing and inquiring as to the omissions of income. Consequently, we find that the Debtor never submitted a document that included "all of the information from which his tax liability could be computed." *See In re Dyer, supra,* 158 B.R. at 906 (in order for a debtor to prevail under Section 523(a)(1)(B), the debtor has to show that he filed some return at some appropriate time which disclosed all of his income).

As the court observed in *In re Johnson,* "[t]he disclosure of all income, from whatever source, is a fundamental element of an income tax return." 236 B.R. at 463. Accordingly, this Court finds that the Debtor's 1991 tax liability is not dischargeable under Section 523(a)(1)(B), not only because the Debtor did not submit a tax form until after the IRS had already prepared a substitute return and sent him a deficiency notice, but also because the Debtor never submitted an income tax form that fully disclosed all of his income.

## CONCLUSION

For all the aforementioned reasons, the United States' motion for summary judgment is granted and the Debtor's income tax liability for tax year 1991 is excepted from discharge. Concomitantly, this adversary proceeding is dismissed.

IT IS SO ORDERED