In re Timothy W. IZZO, Debtor.

Timothy W. Izzo, Plaintiff,

v.

United States, Defendant.

Bankruptcy No. 01–45917–R.
Adversary No. 01–4668.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Dec. 20, 2002.

Jay S. Kalish, Farmington Hills, MI, for debtor.

*Opinion Regarding Motions for Summary Judgment*

STEVEN W. RHODES, Chief Judge.

This matter is before the Court on motions for summary judgment filed by the plaintiff, Timothy Izzo, and the defendant, the United States. The Court conducted a hearing on November 25, 2002, and took the motions under advisement. The Court now concludes that Izzo's motion for summary judgment should be granted and the government's motion for summary judgment should be denied.

I.

Izzo failed to file tax returns for the period 1988 through 1997. In September 1995, the IRS prepared substitutes for returns (SFR's) for 1988 through 1994. On April 7, 1997, the IRS assessed taxes and penalties based on the SFR's in the amount of $632,617.83.

On October 13, 1998, Izzo filed Forms 1040 for the tax years 1988 through 1997. The IRS accepted the returns, treating the returns for 1988 through 1994 as amended returns, and reduced Izzo's previously assessed liability for those years by $476,746.22 to $155,871.61.

On March 27, 2001, Izzo filed for chapter 7 relief. On his schedule D he listed an unsecured, non-priority debt to the IRS for a tax liability for the years 1988 through 1997 in the amount of $178,143.89. On July 3, 2001, Izzo filed this complaint seeking a determination of dischargeability of debt under § 523(a)(1)(B).[1]

---

1. The IRS does not dispute the dischargeabili-    ty of the taxes for 1995 and 1996. The dis-

## II.

The issue before the Court is whether the Forms 1040 filed by Izzo qualify as "returns" under 11 U.S.C. § 523(a)(1)(B). The government contends that the Forms 1040, filed after the IRS had prepared SFR's and assessed tax liability for the years 1988 through 1994, do not constitute "returns" within the meaning of § 523(a)(1)(B) because they served no tax purpose and were not an honest and genuine attempt to satisfy the law.

Izzo contends that because the IRS accepted his Forms 1040 as amended returns and reduced his tax liability based on them, they do qualify as returns. Izzo asserts that the returns did serve a purpose because they resulted in a reduction in his tax liability of $476,746.22. Further, Izzo argues that there is nothing in the record suggesting that his filing of the returns was not an honest or reasonable attempt to comply with the tax laws.

## III.

■■■ Section 523(a)(1)(B)(i) of the Bankruptcy Code establishes an exception to the discharge for any tax liability in which a return is required but was not filed. In order to except a debt from discharge under § 523(a)(1)(B)(i), it must be established that: (1) a tax was owed; (2) the debtor was required to file a tax return with respect to the tax owed; and (3) the debtor did not actually file a tax return. *Villalon v. United States (In re Villalon)*, 253 B.R. 837, 840 (Bankr. N.D.Ohio 2000). A creditor must prove each element of the exception by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Exceptions to discharge are to be strictly construed

against the creditor. *See Manufacturer's Hanover Trust Co. v. Ward (In re Ward)*, 857 F.2d 1082, 1083 (6th Cir.1988).

■■■ The Internal Revenue Code (IRC) requires persons to file returns according to the forms and regulations prescribed by the Secretary of Treasury. 26 U.S.C. §§ 6011(a) and 6012. A person's failure to timely file a tax return may trigger a substitute for return prepared by the IRS pursuant to IRC § 6020(b). Substitutes for returns do not qualify as "returns" for purposes of § 523(a)(1)(B). *Bergstrom v. United States (In re Bergstrom)*, 949 F.2d 341, 343 (10th Cir.1991). The Bankruptcy Code does not define the term "return" under § 523. However, in *United States v. Hindenlang (In re Hindenlang)*, 164 F.3d 1029 (6th Cir.1999), the Sixth Circuit adopted the four-part test which was used by the district court and followed by a number of other courts to determine whether a filing with the IRS constitutes a "return." In order for a document to qualify as a return: " '(1) it must purport to be a return; (2) it must be executed under penalty of perjury; (3) it must contain sufficient data to allow calculation of tax; and (4) it must represent an honest and reasonable attempt to satisfy the requirements of the tax law.' " *Id.* at 1033–34 (quoting *United States v. Hindenlang (In re Hindenlang)*, 214 B.R. 847, 848 (S.D.Ohio 1997)).

■■■ The first three factors were not at issue in *Hindenlang*. However, the IRS argued that because the debtor's Forms 1040 were filed after the IRS had made a formal assessment and essentially mirrored the SFR's prepared by the IRS, they did not represent an honest and reasonable attempt to satisfy the require-

chargeability of the taxes for 1997 is disputed by the IRS, but is not at issue in these mo-

tions for summary judgment.

ments of the tax law. The district court concluded that a properly completed Form 1040, even one filed after an assessment has been made, requires the government, as the party seeking an exception to discharge, to bring forward particularized evidence to show that the debtor's late-filed Forms 1040 did not constitute an honest attempt to comply with the tax law. *See Hindenlang,* 214 B.R. at 849.

The Sixth Circuit disagreed, stating:

We hold as a matter of law that a Form 1040 is not a return if it no longer serves any tax purpose or has any effect under the Internal Revenue Code. A purported return filed too late to have any effect at all under the Internal Revenue Code cannot constitute "an honest and reasonable attempt to satisfy the requirements of the tax law." Once the government shows that a Form 1040 submitted after an assessment can serve no purpose under the tax law, the government has met its burden.

The district court concluded that the government must bring forth particularized evidence to show that the taxpayer did not file the Form 1040 in an honest and good faith attempt to comply with the tax law, even after an assessment has been made. *See Hindenlang,* 214 B.R. at 849. We conclude, however, that when the debtor has failed to respond to both the thirty-day and the ninety-day deficiency letters sent by the IRS, and the government has assessed the deficiency, then the Forms 1040 serve no tax purpose, and the government thereby has met its burden of showing that the debtor's actions were not an honest and reasonable effort to satisfy the tax law.

*Id.* 164 F.3d at 1034–35 (footnotes omitted). *See also Mickens v. United States (In re Mickens),* 1999 WL 98369 (6th Cir. Jan.29, 1999) ("We held in *Hindenlang,*

and hold here, as a matter of law, that a Form 1040 filed after the IRS has made an assessment of tax is not a return for purposes of 11 U.S.C. § 523(a)(1)(B) if it no longer serves any tax purpose or has any effect under the Internal Revenue Code.").

Here, as in *Hindenlang,* the first three requirements are not at issue. However, the IRS argues that the Forms 1040 that Izzo filed did not serve a tax purpose because the only purpose for filing the untimely Forms 1040 was Izzo's self-serving desire to reduce his tax liability.

In *Hindenlang,* the Sixth Circuit acknowledged that a Form 1040 filed after an assessment *could* serve a tax purpose, even if it benefits the debtor, stating:

Hindenlang has not indicated any tax purpose under the Internal Revenue Code for filing his Forms 1040. Although filing a return commences a three-year statute of limitations on the Secretary's authority to enter an assessment, *see* 26 U.S.C. § 6501(a), a document purporting to be a return but filed after the assessment has already been made is too late to have any effect on this limitation.

Furthermore, the Internal Revenue Code's ten-year limitation on the IRS's right to collect on the assessment through levy or judicial proceeding begins at the moment the assessment is made, regardless of whether a return was filed. *See* 26 U.S.C. § 6502(a)(1).

Hindenlang's purported return also would have failed to mitigate or absolve him from civil or criminal liability had the IRS sought to impose such liability. Willful failure to file a timely return is a misdemeanor under 26 U.S.C. § 7203. Late filing of a return or a document purporting to be a return does not remove this criminal liability. Failure to file a return without reasonable cause also subjects a delinquent taxpayer to a

five-percent penalty per month up to a maximum of twenty-five percent of the taxes owed. *See* 26 U.S.C. § 6651(a)(1). Hindenlang filed his Forms 1040 with the IRS well past any time that would bring him under the twenty-five-percent maximum.

*Id.* at 1035.

The Sixth Circuit concluded:

We conclude that if a document purporting to be a tax return serves no purpose at all under the Internal Revenue Code, such a document cannot, as a matter of law, qualify as an honest and reasonable attempt to satisfy the requirements of the tax law. [FN7]

> FN7. We do not conclude that were Hindenlang able to show a tax purpose for filing a Form 1040 after the IRS has made an assessment, he would automatically satisfy the fourth prong of the Beard test. The government could still produce particularized evidence showing that such a late filing of a Form 1040 was neither an honest nor reasonable attempt to comply with the tax law. We save resolution of that hypothetical case for another day.

*Id.*

Here, the debtor's late filed Forms 1040 did have an effect under the tax code and did serve a tax purpose. The IRS accepted the Forms 1040 as amended returns and reduced Izzo's tax liability accordingly. This case is distinguishable from *Hindenlang* and other cases in which the courts concluded that the Forms 1040 filed after an assessment did not have an effect under the tax code because in those cases either the Forms 1040 essentially mirrored the IRS's substitutes for returns or they otherwise did not result in any change in tax liability. *See Hetzler v. United States (In re Hetzler)*, 262 B.R. 47 (Bankr.D.N.J. 2001) (The debtor's late filed returns merely restated the tax liabilities previously assessed and had no effect on his tax liabilities for those years.); *Olson v. United States (In re Olson)*, 261 B.R. 752 (Bankr.M.D.Fla.2001) (Although the debtor's untimely filed Forms 1040 reflected a decrease in tax liability, the IRS did not accept the forms as returns and did not reduce the debtor's tax liability.); *Shrenker v. United States (In re Shrenker)*, 258 B.R. 82 (Bankr.E.D.N.Y.2001) (The debtor's Forms 1040, which failed to report all of his income and were filed after the IRS assessed deficiencies, served no purpose under the tax code.); *Pierchoski v. United States (In re Pierchoski)*, 243 B.R. 639 (Bankr.W.D.Pa.1999) (The debtor's untimely filed Forms 1040 did not result in any change in his tax liability.).

The IRS argues that if the debtor's amended returns had resulted in an *increase* in his liability, they would have possibly served a tax purpose. However, there is simply no basis for the Court to conclude that returns which increase a taxpayer's liability serve a purpose under the tax code while returns that have the effect of reducing a taxpayer's liability do not.

The Court concludes that Izzo's returns were a reasonable and honest attempt to satisfy the tax code. As noted above, the IRS has not produced any particularized evidence that the filing by the debtor was not an honest attempt to comply with the tax laws. That the debtor filed the returns after the IRS made the assessments does not mean that necessarily the returns were not an honest attempt to comply with the tax laws. Indeed, the acceptance of the returns by the IRS and then its reduction in the debtor's tax liability established that the IRS itself considered the returns to be an honest and reasonable attempt by the debtor to comply with the tax laws.

Accordingly, the government's motion for summary judgment is denied and the debtor's motion for summary judgment is granted.

An appropriate order will be entered.