In re Paul F. CALLAHAN, Debtor.

Paul F. CALLAHAN, Plaintiff,

v.

UNITED STATES of America,
INTERNAL REVENUE
SERVICE, Defendant.

Bankruptcy No. 92–14470–CJK.
Adv. No. A93–1240.

United States Bankruptcy Court,
D. Massachusetts.

Dec. 16, 1993.

Richard J. Gagnon, George P. Eliopoulos, Washington, DC, for U.S.

Jillian Kindlund Aylward, Boston, MA, for debtor/plaintiff.

CAROL J. KENNER, Bankruptcy Judge.

### MEMORANDUM OF DECISION AND ORDER ON MOTIONS OF PLAINTIFF AND DEFENDANT FOR SUMMARY JUDGMENT

By his complaint in this adversary proceeding, the Plaintiff and Debtor, Paul F.

Callahan, seeks a determination that income taxes he owes to the United States for tax years 1983 through 1986 are not excepted from discharge by operation of sections 523(a)(1) and 507(a)(7)(A) of the Bankruptcy Code. The adversary proceeding is before the Court now on the parties' cross-motions for summary judgment.

Both motions focus primarily on whether the tax debt is dischargeable under 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(7)(A)(ii). Section 523(a)(1)(A) states:

> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
>
> (1) for a tax or a customs duty—
>
> (A) of the kind and for the periods specified in section 507(a)(2) and 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed.

11 U.S.C. § 523(a)(1)(A). And section 507(a)(7)(A)(ii) includes tax claims defined as follows:

> Allowed unsecured claims of governmental units, only to the extent that such claims are for—
>
> (A) a tax on or measured by income or gross receipts—
>
> (ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition.

11 U.S.C. § 507(a)(7)(A)(ii). This forbidding provision translates into a fairly simple formula. The Court need only determine whether the tax was assessed within (x) days before the Debtor filed his petition in bankruptcy, where (x) is the sum of 240, 30, and any time during which a qualifying offer in compromise was pending. If the tax was assessed within (x) days before the bankruptcy filing, the debt is excepted from discharge; if the tax was assessed more than (x) days before the filing, it is not excepted from discharge by virtue of § 507(a)(7)(A)(ii). The

parties agree on this formula and on the relevant facts.

■ The facts are as follows. All the tax debt at issue was assessed on April 6, 1988, and the Debtor filed his bankruptcy petition 1489 days later, on May 4, 1992. In the meantime, the Debtor filed two offers in compromise with the IRS: the first, filed on August 15, 1988, and rejected on May 30, 1990, was pending a total of 653 days; and the second, filed on July 9, 1990, and rejected on July 7, 1992, was pending a total of 664 days before the Debtor filed his petition in bankruptcy.

Given these facts, the calculation is straightforward. The Debtor filed one offer in compromise within 240 days after the tax was assessed, the one filed August 15, 1988, which was pending a total of 653 days. Therefore, (x) = 240 + 30 + 653 = 923. The taxes were assessed more than 923 days before the Debtor filed his petition in bankruptcy. Therefore, the taxes are not of the kind and for the period specified in § 507(a)(7)(A)(ii) and are not excepted from discharge by virtue of that provision.

■ The United States disagrees with this conclusion, taking the position that the second offer in compromise, too, should be deemed a qualifying offer. The United States reaches this conclusion on the basis of its argument that the filing of an offer in compromise tolls the 240–day period during which an offer in compromise needs to be filed in order to be a qualifying offer for purposes of the formula set forth above.[1] The United States concedes that no such tolling provision is set forth expressly in § 507(a)(7)(A)(ii); but the United States contends that "equity" should toll the running of the 240–day period because the legislative purpose of § 507(a)(7)(A)(ii) is to afford the IRS at least 240 days to pursue collection efforts unhampered by restraints such as a pending offer in compromise. The Court rejects this argument. Section 507(a)(7)(A)(ii) already contains one tolling provision; had Congress meant to include a second, it would have done so expressly.

---

1. Under this theory, the Debtor's second offer in compromise would be deemed a qualifying offer because, if the time during which the first offer was pending is not counted, the second offer was filed less than 240 days after the date of assessment.

Also, this is not a matter of "equity" but of interpreting a statute. I therefore reject the United States' argument that the second offer in compromise should be deemed a qualifying offer.

The sole basis of the United States' Motion for Summary Judgment is that the tax debt is excepted from discharge by operation of §§ 523(a)(1)(A) and 507(a)(7)(A)(ii). The Court having ruled that the Debtor's tax debt is not excepted from discharge by those provisions, the United States' Motion for Summary Judgment must be denied.

 As for the Plaintiff's Motion for Summary Judgment, the Court rules that there are no genuine issues of material fact and that the Plaintiff is entitled to judgment as a matter of law with respect to dischargeability under §§ 523(a)(1)(A) and 507(a)(7)(A)(ii). However, the complaint seeks a determination of dischargeability under § 523(a)(1) in general, which encompasses grounds for exception from discharge that have not been adjudicated. In particular, the United States states that the Court should deny summary judgment because no discovery has yet been conducted in this adversary proceeding and, therefore, the United States cannot determine whether the Plaintiff's tax debt should be excepted from discharge by operation of § 523(a)(1)(C) (which excepts from discharge any tax that the debtor willfully attempted in any manner to evade or defeat).

This is a valid basis for denying a motion for summary judgment. Fed.R.Civ.P. 56(f). Therefore, the Court will allow the Plaintiff's Motion for Summary Judgment only with respect to the issues arising under §§ 523(a)(1)(A) and 507(a)(7)(A)(ii). And the Court will issue a procedural order for addressing the remaining issues.

### ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND PROCEDURAL ORDER

For the reasons set forth above, the Motion of the United States for Summary Judgment is hereby DENIED; and the Plaintiff's Motion for Summary Judgment is ALLOWED only with respect to the issue of dischargeability under §§ 523(a)(1)(A) and

507(a)(7)(A)(ii). As to all other grounds for exception from dischargeable, the Plaintiff's Motion for Summary Judgment is DENIED.

The Parties are ordered to complete discovery on or before March 15, 1994. And the United States is ordered to file a counterclaim setting forth any claim for exception from discharge the United States may wish to assert against the Debtor with respect to the tax debt that is the subject of this adversary proceeding by April 15, 1994, at 4:00 p.m. The Debtor shall respond to the counterclaim, if any, in the time prescribed by the applicable rules. If no counterclaim is timely filed, judgment will enter for the Plaintiff.